Catherine M. McGrath
Barry G. Felder
Olya Petukhova
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474
Attorneys for Defendants/Counterclaim-Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHORD ASSOCIATES LLC, JOPAL :
ENTERPRISES LLC; and BARBARA M. SAEPIA, :
:                                        07 CV 5138 (JFB) (AKT)
Plaintiffs, :
:
-against- :
:
PROTECH 2003-D, LLC; AMTAX HOLDINGS :
520, LLC; PROTECH HOLDINGS 128, LLC; :
CAPMARK AFFORDABLE EQUITY HOLDINGS :      **DEFENDANTS'**
INC.; CAPMARK FINANCE INC. (formerly :    **MEMORANDUM OF LAW IN**
known as GMAC COMMERCIAL MORTGAGE :       **SUPPORT OF ORDER TO**
CORPORATION), its successors and assigns; :  **SHOW CAUSE FOR**
CAPMARK CAPITAL INC. (formerly known as : **CANCELLATION OF NOTICE**
GMAC COMMERCIAL HOLDING :                 **OF PENDENCY**
CORPORATION), its successors and assigns, :
:
Defendants. :
:
-AND- :
:
AMTAX HOLDINGS 520, LLC, PROTECH 2003- :
D, LLC and PROTECH HOLDINGS 128, LLC, :
:
Counterclaim-Plaintiffs, :
:
-against- :
:
CHORD ASSOCIATES LLC, BARBARA M. :
SAEPIA, JOPAL ENTERPRISES LLC, and JOPAL :
ASSOCIATES INC., :
:
Counterclaim-Defendants. :
:
------------------------------------------------------------- X

NYC_480864.2

Defendants Protech 2003-D, LLC ("Protech 2003"), AMTAX Holdings 520, LLC ("AMTAX"), Protech Holdings 128, LLC, Capmark Affordable Equity Holdings, Inc., Capmark Finance Inc. and Capmark Capital Inc. (collectively, "Defendants") submit this memorandum of law in support of their Order to Show Cause seeking cancellation of the notice of pendency filed by plaintiffs Chord Associates LLC ("Chord"), Jopal Enterprises LLC and Barbara M. Saepia ("Saepia") (collectively, "Plaintiffs") on March 24, 2009 with the Clerk of the Supreme Court of New York, Suffolk County.

## PRELIMINARY STATEMENT

This action arises from Plaintiffs' breach of their contractual and fiduciary duties to Belmont Villas LLC ("Belmont"), a company formed to develop, own and operate an affordable housing project known as Belmont Villas (the "Project"). As a result of Plaintiffs' breaches, Defendants exercised their right under the Belmont operating agreement to remove and replace Plaintiff Chord from its position as Belmont's managing member and to terminate the Plaintiffs' contracts for the development and property management of the Project. Plaintiffs' breaches included their complete mismanagement of the construction phase of the Project and the eleventh-hour repudiation of their obligation to execute an extension agreement to preserve an $18 million Fannie Mae mortgage commitment, an essential element of the Project's financing.

Whereas Defendants in their counterclaims seek damages for the construction delays, cost overruns and financing deficits caused by Plaintiffs' misconduct, Plaintiffs in turn argue that Defendants interfered with their management of the Project. Plaintiffs assert a variety of causes of action, all based on the central allegation that Defendants did not have grounds for removing Chord as Belmont's managing member. Plaintiffs seek damages for their alleged (a)

2

loss of economic interest in the Project, and (b) injury to their reputations caused by Defendants calling their default under various Project agreements.

Plaintiffs have now filed a notice of pendency (the "Notice") on Belmont's real estate, citing this action as granting them the authority to do so. The Notice blatantly violates New York law which, recognizing the powerful impact of a notice of pendency, provides that a notice may only be filed in the narrow circumstance in which the judgment demanded in an underlying action would directly affect the title to, or the possession, use or enjoyment of, real property. The complaint in this case seeks no such remedy. As is clear on its face, and as previously found by this Court in denying Plaintiffs' motion for a preliminary injunction, Plaintiffs' complaint seeks only monetary damages. And while Plaintiffs have failed entirely in the motion for a preliminary injunction for reinstatement of their interest in Belmont, such reinstatement would, in any event, only affect Plaintiffs' *personal property* interest in Belmont, not, as required, an interest that would *directly* affect title to, or the possession, use or enjoyment of, *real property*. The Notice, therefore, is invalid under New York law.

Worse, Plaintiffs are fully aware that the effect of the Notice will be to destroy Defendants' opportunity to sell the Project in order to mitigate their mounting losses. In this regard, Plaintiffs' filing of the Notice is consistent with their pattern of behavior designed to disrupt and frustrate the Project – an abuse of the sort that has led New York courts to impose sanctions under similar circumstances.

For these reasons and those set forth below, Defendants seek an order cancelling the improper Notice and for such other relief as the Court deems just.

3

## FACTUAL BACKGROUND

Plaintiffs' December 10, 2007 complaint (the "Complaint"), a copy of which is annexed as Exhibit A to the declaration of Catherine M. McGrath dated April 8, 2009 (the "McGrath Declaration"), asserts causes of action for breach of contract, negligence, breach of the obligation of good faith and fair dealing, breach of fiduciary duty, exercise of improper control, fraud, defamation, tortious interference with contracts and conflict of interest, all stemming from the removal of Plaintiff Chord as the managing member of Belmont Villas and the resulting termination of Plaintiffs' involvement in the Project. Plaintiffs demand monetary damages in connection with each of their causes of action, and an accounting of the Project. Complaint at p. 65. The Complaint seeks no other relief.

On the same day, Plaintiffs filed an Order to Show Cause, seeking a preliminary injunction restoring them to positions of responsibility for the development and management of the Project.

On January 2, 2008, Defendants filed an Answer and Counterclaims seeking, *inter alia*, damages for the losses to the Project caused by Plaintiffs' mismanagement and misconduct in relation to the Project.

On February 26, 2008, Plaintiffs made a motion for summary judgment with respect to six of their causes of action.

On April 10, 2008, a hearing was held before this Court, during which the Court denied both Plaintiffs' application for a preliminary injunction and their motion for summary judgment. In denying Plaintiffs' application for a preliminary injunction, this Court pointed out that "a preliminary injunction is not appropriate where monetary damages will serve as adequate compensation" and found that "the plaintiffs have come woefully short in terms of establishing

4

irreparable harm [in] the absence of an injunction." *See* Transcript of Civil Cause for Oral Argument, dated April 10, 2008 ("Transcript") at p. 52, lines 3-5; 8-9. A copy of the Transcript is annexed as Exhibit B to the McGrath Declaration. The nature of this action as one involving purely monetary damages was an important reason in this Court's denial of the preliminary injunction. Thus, the Court stated that

> even more important than the delay [in seeking the injunction] is reviewing the causes of action in this case and the alleged harm. I see no reason why it cannot be entirely compensated through monetary damages in this case. In fact, if you look at the plaintiff's complaint, there is not even a request for injunctive relief. There are claims for compensatory damages with respect to each of these causes of action...

Transcript at p. 52, lines 15-24.

On March 24, 2009, Plaintiffs filed the Notice with respect to Belmont's real estate in the New York Supreme Court, County of Suffolk.[1] The Notice, a copy of which is annexed as Exhibit C to the McGrath Declaration, identifies this action as the proceeding authorizing its filing and alleges that this action "involves, among other things, contractual disputes, the resolution of which impacts and relates to a contractual right of first refusal to purchase the Property, a right to sell the Property, a right to certain proceeds in any sale of the Property, a contractual right to Developers Fee, Defendants' unlawful removal of Chord Associates LLC as a member of the beneficial owner of the Property, Belmont Villas LLC, and defendants' appropriation of certain equity ownership interests in the housing project, including the Property."

---

[1] The Notice appears defective on its face, as it was not filed in the office of the county clerk, and does not contain a designation of block numbers affected by the Notice, as required under CPLR 6511(a) and (b). Plaintiffs' actions, however, indicate that they would re-file the Notice in the event it was rejected.

5

At this time, the construction phase of the Project is effectively complete and Defendants are actively negotiating a sale of the Project in an effort to mitigate the ongoing losses incurred as a result of the Plaintiffs' mismanagement and misconduct. As discussed in the declaration of Bradley T. Bullock dated April 7, 2009, Defendants received a number of offers from potential buyers and are prepared to enter into a letter of intent. Plaintiffs' Notice, however, will certainly frustrate Defendants' efforts and effectively restrain any sale of the Project. Absent this Court's intervention, the Project will be effectively encumbered until this action is resolved on the merits and Plaintiffs will have achieved, through indirection, the very sort of relief that this Court denied in denying their request for a preliminary injunction.

## ARGUMENT

### I. Plaintiffs' Notice is Not Permitted Under New York Law and Must be Cancelled

#### A. Standard for Bringing a Notice of Pendency

New York law applies to Plaintiffs' Notice and this motion for its cancellation. *Brand v. Brand*, 811 F.2d 74, 77 (2d Cir. 1987) (in actions where a Federal District Court acquires jurisdiction by virtue of diversity of the parties, the Court applies the substantive law of the state in which it sits). As the forum of the underlying litigation, this Court is the only proper tribunal for challenging the Notice. CPLR 5614; *Cayuga Indian Nation of New York v. Fox*, 544 F. Supp. 542, 549 (N.D.N.Y. 1982) ("Where a notice of pendency of action is filed in a county clerk's office, but the action is brought in the United States Court, the application to cancel should be brought in the United States court and not in the state court.") (internal quotes and citations omitted).

The filing of a notice of pendency under New York law is governed by Article 65 of the New York Civil Practice Law and Rules, which provides that "a notice of pendency may be filed in any action... in which the judgment demanded would affect the title to, or the

6

NYC_480864.2

possession, use or employment of, real property..." CPLR 6501. The result of a properly filed and indexed notice of pendency is that the purchaser from, or encumbrancer against, any defendant named in the notice is bound by the judgment in the action as if he or she were a party to it. CPLR 6501; *see also, Flushing Sav. Bank v. CCN Realty Corp.,* 82 A.D. 2d 907, 908 (2d Dep't 1981). Thus, a notice of pendency effectively restrains a party from transferring the property until the underlying claim has been determined on the merits. *5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313, 320 (1984) ("the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review").

"The powerful impact that [notice of pendency] has on the alienability of property, when conjoined with the facility with which it may be obtained, calls for its narrow application to only those lawsuits directly affecting title to, or the possession, use or enjoyment of real property." *5303 Realty Corp.,* 64 N.Y.2d at 315-16. Notice of pendency is not available in "controversies that more or less refe[r] to real property, but which d[o] not necessarily seek to directly affect title to or possession of the land." *Id.* at 321.

For example, in *5303 Realty Corp.,* the Court held that a suit for specific performance of a contract for the sale of stock representing a beneficial ownership of real estate did not support the filing of a notice of pendency, since the stock constituted personal property. *Id.* at 316. *See also, Savasta v. Duffy,* 683 N.Y.S. 2d 511, 512 (1st Dep't 1999) (holding that a notice of pendency was improper in an action affecting the ownership shares in a cooperative apartment, since they were personal property); *Homespring, LLC v. Lee,* 866 N.Y.S. 2d 212, 213 (2d Dep't 2008) (affirming cancellation of the notice of pendency filed by a plaintiff real estate broker in connection with an action for recovery of its commission for completed brokerage services related to the sale of the property); *Interior Design Force Inc. v. Dorfman,* 542 N.Y.S.2d

7

251, 252 (2d Dep't 1989) (claim of breach of contract to design a house essentially sought money damages and notice of pendency was properly cancelled).

In considering a motion to cancel a notice of pendency, the court may consider the relief to which a successful plaintiff would actually be entitled, regardless of the relief requested in the complaint. *5303 Realty Corp.,* 64 N.Y.2d at 316 (although the plaintiff's request for relief included specific performance of an agreement to sell realty, the complaint revealed that the underlying agreement concerned only stock in a corporation that owned the realty, and thus the case was not within CPLR 6501). Moreover, the court may carefully scrutinize the legal sufficiency of the plaintiff's claims as set forth in the complaint, to determine whether a claim for a judgment that would affect the subject property in the manner specified in CPLR 6501 has been asserted. *Id.* (on motion to cancel notice of pendency, the court is limited to reviewing the pleadings to determine whether or not the suit is within the scope of CPLR 6501; the complaint filed with the notice of pendency must be adequate in itself).

## B. Plaintiffs Do Not Seek a Judgment Affecting Real Property

The Complaint in this case clearly fails to justify a notice of pendency under CPLR 6501, as it does not seek a judgment that would affect the title to, possession, use, or enjoyment of Belmont's real property. Plaintiffs by their Complaint seek monetary damages and an accounting, but they do not seek and cannot achieve reinstatement of their interest in the Project. Complaint at p. 65. As this Court has ruled, Plaintiffs' removal, rightful or not, has already occurred. Transcript at p. 53, lines 3-6. Even if the Complaint had sought reinstatement, it would only relate to Plaintiffs' ownership interest in Belmont itself, not a direct interest in Belmont's real property. Plaintiffs as much as prove the impropriety of the Notice by reciting on its face that this action is a "contractual dispute" that among other things involves "a right to certain proceeds in any sale of the Property, a contractual right to Developers Fee, Defendants'

8

unlawful removal of Chord Associates LLC as a member of the beneficial owner of the Property, Belmont Villas LLC, and defendants' appropriation of certain equity ownership interests in the housing project, including the Property." Accepting these characterizations as true, none of them constitute a direct claim of right in the real estate at issue.

Plaintiffs' additional recitation that the contractual disputes in this action have an impact on a right of first refusal or a right to sell the Belmont real estate is equally unavailing. Plaintiffs' Complaint, as long and detailed as it is, does not once mention any such rights, much less seek to enforce them. At best, Plaintiffs seek monetary damages for the contractual rights they lost when Chord lost its membership interest in Belmont – a loss which, like the loss of ownership shares in a cooperative agreement in *Savasta v. Duffy,* 683 N.Y.S. 2d at 512, does not justify filing of a notice of pendency.

Plaintiffs cannot cure this defect. In reviewing a motion to cancel a notice of pendency, the Court is limited to reviewing the pleadings, and cannot consider Plaintiffs' new allegations. *5303 Realty Corp.,* 64 N.Y.2d at 320 ("the complaint filed with the notice of pendency must be adequate onto itself"). Further, "a subsequent amended complaint cannot be used to justify an earlier notice of pendency." *Id.*

Moreover, any attempt to amend the Complaint to seek enforcement of Plaintiffs' alleged right of first refusal or right to sell the real estate at issue would be frivolous. The Right of First Refusal and Purchase Option Agreement dated October 1, 2004, a copy of which is annexed as Exhibit D to the McGrath Declaration, would not have given Chord any rights until the expiration of the "compliance" period. That will not occur for fifteen years and, as provided in Section 3.2 of the Belmont Villas LLC Amended and Restated Operating Agreement dated October 1, 2004, annexed to the McGrath Declaration as Exhibit E, in the interim, Belmont has

9

the right to sell any and all of its assets unfettered by the right of first refusal. In addition, the right of first refusal Agreement specifically provides that the "Right of First Refusal shall be null and void and of no effect upon the removal or withdrawal of the Grantee or an Affiliate thereof as Managing Member of the Company…" As this Court discussed during the hearing on Plaintiffs' motion for preliminary injunction, the removal has occurred and cannot now be undone. *See* Transcript at 53, lines 5-11 ("we're beyond the cure period, but I don't see the cure period as being essential to my conclusion that there is absolutely no demonstration here of irreparable harm in the absence of an injunction because of the availability of monetary damages...").

## II. Plaintiffs' Conduct Has No Basis at Law, and is Designed to Harass and Maliciously Injure Defendants

Plaintiffs' filing of the Notice, especially in view of this Court's previous findings concerning the nature of this action and the relief available to Plaintiffs for any alleged harm resulting from their removal from the Project, constitutes deliberate abuse of the notice of pendency process under New York law, and is yet another example of Plaintiffs' destructive behavior designed to disrupt and frustrate the Project and to harass and injure the Defendants.

Where, as here, a notice of pendency so clearly violates the standard articulated in CPLR 6501, New York Courts have found imposition of sanctions to be appropriate. *See, e.g., Tropeano v. Tropeano,* 827 N.Y.S.2d 161, 163 (2d Dep't 2006) (affirming sanctions where an attorney filed a notice of pendency against the marital residence of the parties in the underlying divorce action, after bringing an action to recover legal fees against the wife); *Yenom Corp., v. 155 Wooster Street Inc.,* 818 N.Y.S.2d 210, 212 (1st Dep't 2006) (affirming the lower court's cancelling the notice of pendency and imposing sanctions on the plaintiff where the underlying action was dismissed on the merits and where the action was to enforce the sale of shares of

10

stock in a corporation that owned real property and thus did not affect the title, use or employment of real property); *Somma v. Wehrle,* 666 N.Y.S.2d 17, 18 (2d Dep't 1997) (affirming the award of costs and sanctions where notice of pendency was filed and where the underlying litigation was found to be without merit).

WHEREFORE, Defendants respectfully request that this Court:

(A) Enter an order directing the Clerk of the Supreme Court of New York, Suffolk County to cancel the notice of pendency filed by Plaintiffs;

(B) Award Defendants costs and attorneys' fees; and,

(C) Award such other and further relief as may be just and appropriate.

Dated:   April 8, 2009
         New York, New York

**FOLEY & LARDNER LLP**

By: _/s/ Catherine McGrath_
Catherine M. McGrath
Barry G. Felder
Olya Petukhova
90 Park Avenue
New York, New York 10016
(212) 682-7474
Attorneys for Defendants/Counterclaim Plaintiffs

NYC_480864.2