

**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

May 14, 2009

CLIENT/MATTER NUMBER
094503-0101

**VIA ECF**

The Honorable Kathleen Tomlinson
U.S. Magistrate Judge, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

      Re:    Chord Associates et al. v. Protech 2003-D et al., Case No. 07-cv-5138

Dear Judge Tomlinson:

      Defendants move to compel Richard Saepia and Maureen Saepia (the "Saepias") to produce documents and appear for depositions in accordance with Defendants' subpoenas.[1]

      The Saepias are siblings of plaintiff Barbara Saepia and acted as her representatives in communications with Defendants, contractors and others during the course of Plaintiffs' participation in the Belmont Villas project (the "Project"). In addition, based on documents produced in discovery, the Saepias appear to have contributed financially to Plaintiffs in connection with the Project. Accordingly, Defendants' subpoenas are appropriately directed to the Saepias' work on the Project, any compensation they received, their interests, financial or otherwise in the Project, their communications with other key witnesses in the case, and their participation and experience in construction and/or low-income housing projects. In addition, as discussed in Defendants' other motions to compel filed today, both Plaintiffs' allegations and Defendants' fraud claims place in issue the Plaintiffs' involvement in another low-income senior housing development known as Krystie Manor; the subpoenas to the Saepias also, therefore, appropriately seek documents and testimony on this topic.

      The Saepias have not objected to or moved to quash the subpoenas, and, on the contrary, through their counsel (who is also Plaintiffs' counsel) have repeatedly stated they intend to comply.[2] However, the Saepias have not produced a single document or provided dates for their depositions.

---

[1] Copies of Defendants' subpoenas to the Saepias are attached as Exhibits 1 and 2.

[2] On April 26, the Saepias' counsel suggested a deadline of May 8 for documents, with depositions to take place May 15. The Saepias' failure to provide any documents on May 8 or thereafter makes a May 15 deposition impracticable.

BOSTON           JACKSONVILLE     MILWAUKEE        SAN DIEGO          SILICON VALLEY
BRUSSELS         LOS ANGELES      NEW YORK         SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO          MADISON          ORLANDO          SAN FRANCISCO      TAMPA
DETROIT          MIAMI            SACRAMENTO       SHANGHAI           TOKYO
                                                                      WASHINGTON, D.C.



Honorable Kathleen Tomlinson
May 14, 2009
Page 2

      For the above reasons, Defendants respectfully request that the Court order the Saepias to comply with Defendants' subpoenas by a date certain.

      Respectfully,

      Catherine McGrath

cc:   Andrew Donner, Esq. (via ECF and electronic mail)

# EXHIBIT 1

Case 2:07-cv-05138-JFB-AKT   Document 92   Filed 05/14/09   Page 3 of 18

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

Chord Associates LLC, Jopal Enterprises LLC; and
Barbara M. Saepia

v.

Protech 2003-D, LLC, AMTAX Holdings 520, LLC, Protech Holdings 128, LLC, Capmark Affordable Equity Holdings Inc., Capmark Finance Inc., and Capmark Capital Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    07 CV 5138

TO:   Richard Saepia
      c/o Chord Associates LLC, 856-37 County Line Road, Amityville, NY 11701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016 | April 29, 2009, 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016<br>Attn: Rachel Kramer, Esq. | April 22, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Rachel Kramer, Attorneys for Defendants/Counterclaim-Plaintiffs | 4/9/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel Kramer, Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016
(212) 338-3545

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

NYC_477672.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "Belmont" shall mean the New York limited liability company known as Belmont Villas LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

2. "Conde" shall mean Roland Conde and all of Roland Conde's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Conde has or had an interest and/or affiliation with.

3. "Condos" shall mean Condos Brothers Construction Corp., and its attorneys, agents, employees, subcontractors, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

4. "Chord Associates" shall mean Plaintiff/Counterclaim-Defendant Chord Associates LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

5. "Jopal Associates" shall mean Plaintiff/Counterclaim-Defendant Jopal Associates Inc., and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

6. "Jopal Enterprises" shall mean Plaintiff/Counterclaim-Defendant Jopal Enterprises LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

7. "Kaplan" refers to Bruce Kaplan and all of Kaplan's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Kaplan has or had an interest and/or affiliation with.

8. "Plaintiffs" shall mean Plaintiffs/Counterclaim-Defendants Barbara M. Saepia, Chord Associates LLC, Jopal Enterprises LLC, and Jopal Associates Inc., and their attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on their behalf, collectively.

9. "Project" shall mean the 164 unit low income, senior housing project, located in Wyandanch, New York, known as Belmont Villas.

10. "Property" refers to the real property where Belmont Villas is located.

11. "Racanelli Construction" shall mean Racanelli Construction Company, Inc., and its attorneys, agents, employees, subcontractors, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

12. "Saepia" shall mean Plaintiff/Counterclaim-Defendant Barbara M. Saepia and her attorneys, agents, employees, and all other persons acting on her behalf.

13. "You" and "Your" refer to Richard Saepia and all of Richard Saepia's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Richard Saepia has or had an interest and/or affiliation with.

14. The term "document" includes writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations stored in any medium from which information can be obtained either directly, or if necessary, after translation into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term.

15. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, by any means.

16. The term "concerning" means relating to, referring to, regarding, reflecting, describing or evidencing.

17. The terms "all" and "each" shall be construed as all and each.

18. The word "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any."

19. The term "including" shall be construed to mean "including but not limited to."

20. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The use of the singular form of any word includes the plural and vice versa.

22. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

23. If any of following document requests are deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information: (a) the reason for withholding the document or response; (b) a statement of the basis for the claim or privilege, work product or other ground of nondisclosure; (c) a brief description of the document, including: (i) the date of the document; (ii) the number of pages, attachments, and appendices; (iii) the names of its author, authors or preparers and an identification by employment and title of each such person; (iv) the name of each person who was sent, shown or copied on the document, or has had access to or custody of the document, together with an identification of each such person; (v) the present custodian; and (vi) the subject matter of the document or response, and in the case of any document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

## DOCUMENTS REQUESTED

1. All documents concerning the Project.

2. All documents concerning your current or past ownership or other interest, if any, in the Project, Belmont and/or the Property.

3. All documents concerning any work performed by you on behalf of any of the Plaintiffs in connection with the Project.

4. All documents concerning any financing or prospective financing for the Project and/or the acquisition of the Property by the Plaintiffs.

5. Documents sufficient to identify your role, position, title, ownership interest in and/or other relationship with Chord Associates, Jopal Associates, Jopal Enterprises and/or Krystie Manor, including, but not limited to, employment agreements, pay checks, and/or any documents concerning the scope of your responsibilities in connection with the business of Chord Associates, Jopal Associates, Jopal Enterprises and/or Krystie Manor.

6. All documents concerning any compensation or consideration you received or were to receive in connection with the Project.

7. All notes or minutes concerning any meetings and/or conversations concerning the Project.

8. All documents concerning communications regarding the Project between and/or among you, Plaintiffs, Maureen Saepia, Conde, Kaplan, any contractor or prospective contractor for the project, any actual or prospective tenant for the Project, and/or any government official.

9. All documents, including any communications, concerning any contractor or prospective contractor for the Project including without limitation, Racanelli Construction and/or Condos.

10. All documents concerning your participation, involvement or experience in the management or development of any other construction project and/or any other project involving low-income housing and/or low-income housing tax credits.

# EXHIBIT 2

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| Chord Associates LLC, Jopal Enterprises LLC; and Barbara M. Saepia<br>V.<br>Protech 2003-D, LLC, AMTAX Holdings 520, LLC, Protech Holdings 128, LLC, Capmark Affordable Equity Holdings Inc., Capmark Finance Inc., and Capmark Capital Inc. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]   07 CV 5138 |
|---|---|

TO:   Maureen Saepia
      c/o Chord Associates LLC, 856-37 County Line Road, Amityville, NY 11701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016 | DATE AND TIME<br>April 27, 2009,<br>10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Exhibit A**

| PLACE<br>Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016<br>Attn: Rachel Kramer, Esq. | DATE AND TIME<br>April 22, 2009 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Rachel Kramer*, Attorneys for Defendants/Counterclaim-Plaintiffs | DATE<br>4/9/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel Kramer, Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016
(212) 338-3545

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

NYC_482527.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

NYC_482527.1

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Belmont" shall mean the New York limited liability company known as Belmont Villas LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

2. "Conde" shall mean Roland Conde and all of Roland Conde's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Conde has or had an interest and/or affiliation with.

3. "Condos" shall mean Condos Brothers Construction Corp., and its attorneys, agents, employees, subcontractors, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

4. "Chord Associates" shall mean Plaintiff/Counterclaim-Defendant Chord Associates LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

5. "Jopal Associates" shall mean Plaintiff/Counterclaim-Defendant Jopal Associates Inc., and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

6. "Jopal Enterprises" shall mean Plaintiff/Counterclaim-Defendant Jopal Enterprises LLC, and its attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf.

7. "Kaplan" refers to Bruce Kaplan and all of Kaplan's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Kaplan has or had an interest and/or affiliation with.

8. "Plaintiffs" shall mean Plaintiffs/Counterclaim-Defendants Barbara M. Saepia, Chord Associates LLC, Jopal Enterprises LLC, and Jopal Associates Inc., and their attorneys, agents, employees, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on their behalf, collectively.

9. "Project" shall mean the 164 unit low income, senior housing project, located in Wyandanch, New York, known as Belmont Villas.

10. "Property" refers to the real property where Belmont Villas is located.

11. "Racanelli Construction" shall mean Racanelli Construction Company, Inc., and its attorneys, agents, employees, subcontractors, predecessors, successors, parents, subsidiaries, affiliates, and all other persons acting on its behalf, collectively.

12. "Saepia" shall mean Plaintiff/Counterclaim-Defendant Barbara M. Saepia and her attorneys, agents, employees, and all other persons acting on her behalf.

13. "You" and "Your" refer to Maureen Saepia and all of Maureen Saepia's agents, attorneys, representatives, or any other person or entity acting on his behalf and any entity that Richard Saepia has or had an interest and/or affiliation with.

14. The term "document" includes writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations stored in any medium from which information can be obtained either directly, or if necessary, after translation into reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

15. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, by any means.

16. The term "concerning" means relating to, referring to, regarding, reflecting, describing or evidencing.

17. The terms "all" and "each" shall be construed as all and each.

18. The word "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any."

19. The term "including" shall be construed to mean "including but not limited to."

20. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The use of the singular form of any word includes the plural and vice versa.

22. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

23. If any of following document requests are deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information: (a) the reason for withholding the document or response; (b) a statement of the basis for the claim or privilege, work product or other ground of nondisclosure; (c) a brief description of the document, including: (i) the date of the document; (ii) the number of pages, attachments, and appendices; (iii) the names of its author, authors or preparers and an identification by employment and title of each such person; (iv) the name of each person who was sent, shown or copied on the document, or has had access to or custody of the document, together with an identification of each such person; (v) the present custodian; and (vi) the subject matter of the document or response, and in the case of any document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

## DOCUMENTS REQUESTED

1. All documents concerning the Project.

2. All documents concerning your current or past ownership or other interest, if any, in the Project, Belmont and/or the Property.

3. All documents concerning any work performed by you on behalf of any of the Plaintiffs in connection with the Project.

4. All documents concerning any financing or prospective financing for the Project and/or the acquisition of the Property by the Plaintiffs.

5. Documents sufficient to identify your role, position, title, ownership interest in and/or other relationship with Chord Associates, Jopal Associates, Jopal Enterprises and/or Krystie Manor, including, but not limited to, employment agreements, pay checks, and/or any documents concerning the scope of your responsibilities in connection with the business of Chord Associates, Jopal Associates, Jopal Enterprises and/or Krystie Manor.

6. All documents concerning any compensation or consideration you received or were to receive in connection with the Project.

7. All notes or minutes concerning any meetings and/or conversations concerning the Project.

8. All documents concerning communications regarding the Project between and/or among you, Plaintiffs, Richard Saepia, Conde, Kaplan, any contractor or prospective contractor for the project, any actual or prospective tenant for the Project, and/or any government official.

9. All documents, including any communications, concerning any contractor or prospective contractor for the Project including without limitation, Racanelli Construction and/or Condos.

NYC_482527.1

10. All documents concerning your participation, involvement or experience in the management or development of any other construction project and/or any other project involving low-income housing and/or low-income housing tax credits.