# BRUCE H. KAPLAN, ESQ.
35 Pinelawn Road, S104E
Melville, New York 11747
(631) 396-5600
Cell: (646) 554-4626
Fax: (631) 980-3536
brucehkaplan@gmail.com

May 19, 2009

Honorable Kathleen Tomlinson
U.S. Magistrate Judge
U.S. District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    Chord Associates, LLC *et al*. v. Protech 2003-D, LLC *et al*.
              EDNY Case No. 07 CV 5138 (JFB)

Dear Judge Tomlinson:

      I write in response to the letter motion to compel Richard and Maureen Saepia to produce documents and appear for a deposition [Docket No. 92].

      After concerns voiced by Defendants over their inability to serve these non-parties, Andrew Donner, Esq. obtained their authority to accept service for them and clearly advised Defendants that he was providing such courtesy in an ongoing effort to cooperate with the parties' and the Courts' desire to bring discovery to a close in an orderly and expeditious manner. Mr. Donner further advised Defendants that the extent of his authority from the third party witnesses was to accept service, and that he was not retained, and did not represent them in any (other) capacity. Nonetheless, over the course of the past few weeks, Mr. Donner has intervened so as to expedite production to the extent possible.

      Mr. Donner is now advised by the third party witnesses that, not surprisingly given their very limited involvement, they have no documents whatsoever responsive to the Defendant's demands. He is further advised that contrary to the conclusory allegations of the motion, they neither acted as representatives of Plaintiffs, nor contributed financially to the Project, and clearly have had no interest, financial or otherwise, in the Project. Any involvement, as minimal as it may have been, was limited to the common assistance siblings expect of each other (*i.e.* picking out fabric patterns) and nothing more.

      That leads almost directly to what is among the more crucial issues of discovery and runs through Defendants' demands:  that the overwhelming majority of the documents sought in this, and the other concurrent motions to compel, are irrelevant, as they are sought in connection with Defendants' straw-man argument that Plaintiffs' equity contributions to the Project were in some

Honorable Kathleen Tomlinson
May 19, 2009
Page 2

manner lacking, and that thus Capmark has in some way been defrauded, all in an effort to divert attention from Defendants' mismanagement of the Project. This argument is set forth in greater detail in Plaintiffs response to the letter motion to compel and for sanctions against Roland Conde (Docket No. 92), so I will not encumber the Court's time by repeating it here.

Further, hiring an attorney in this matter is a substantial economic burden to the third party witnesses, and Plaintiff Saepia has asked that Mr. Donner assist her siblings informally and as such, he is attempting to do so. Plaintiffs will of course continue to work with Defendants and the third party witnesses to schedule a date for depositions convenient to all.

Thus, given that Defendants have undertaken an unnecessarily intrusive and harassing use of the subpoena power, the Court must limit Defendants in accordance with F. R. C. P. 26(b)(2)(C).

                                            Very truly yours,

                                            Bruce H. Kaplan