

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

CLIENT/MATTER NUMBER
094503-0101

May 29, 2009

**VIA ECF**

The Honorable Kathleen Tomlinson
U.S. Magistrate Judge, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

   Re: Chord Associates et al. v. Protech 2003-D et al., Case No. 07-cv-5138

Dear Judge Tomlinson:

  We write on behalf of Defendants in response to Plaintiffs' motion (Docket No. 104) by which they seek, at the last minute, to schedule seven additional depositions in the ten remaining days left for fact discovery. For the various reasons set forth below, including waiver, untimeliness, unavailability of witnesses, and the fact that there are no open days left in the schedule, Plaintiffs' motion is without merit.

  <u>Richard Williams</u>: Defendants agreed to bring Mr. Williams, a Capmark asset manager, from California to New York for deposition on April 23. Plaintiffs cancelled the deposition at the last minute by e-mail dated April 21, notwithstanding our objection to this and other such cancellations as disruptive. Although we warned Plaintiffs at the time that it might not be possible to find another open date in the remaining time left before the cut off date for fact discovery, Plaintiffs did not until recently attempt to reschedule Mr. Williams' deposition. By the time Plaintiffs finally revisited the issue, we learned that Mr. Williams is no longer available. Mr. Williams has been on short term disability since early May due to medical issues, and it is our understanding that this leave will continue until at least July 29. Plaintiffs waived their right to take Mr. Williams' deposition by cancelling it and should not now be heard to complain that he is no longer available. Nor do Defendants agree that Mr. Williams is a necessary witness. Plaintiffs have had the opportunity to depose other witnesses, including the President of Capmark's Affordable Housing Division whose deposition is scheduled for next week.

  <u>Valerie Jados</u>: Similarly, Plaintiffs cancelled the deposition of Ms. Jados, a Capmark portfolio manager, with less than 24 hours notice on April 20. As with Mr. Williams, Defendants objected to the disruption, particularly as Ms. Jados had already flown to New York from Chicago. Plaintiffs suggested they might pay expenses for her return, or take a video tape deposition, but in the end, when asked by your Honor at the April 29 conference to list outstanding depositions, Plaintiffs did not list Ms. Jados as a possible deponent. Plaintiffs' May 21 e-mail request that we schedule a day for her deposition was both a surprise and too late. As with Mr. Williams (and Mr. Zarafonitis discussed below), Plaintiffs waived this deposition by cancelling it when the witness was here and available, and by not seeking an adjourned date in a timely fashion when the schedule might have permitted.



**FOLEY & LARDNER LLP**

Honorable Kathleen Tomlinson
May 29, 2009
Page 2

<u>Paul Zarafonitis</u>: This third party deposition was scheduled for April 9, but Plaintiffs cancelled it without an adjourned date on April 8. As with Ms. Jados, Plaintiffs did not list Mr. Zarafonitis as an intended deponent at the April 29 conference, and made no mention of him until now. Mr. Zarafonitis made himself available at considerable disruption to his schedule and Plaintiffs chose not to depose him or even to reschedule his deposition. As with Williams and Jados, Plaintiffs waived this deposition.

<u>Matthew Jackman</u>: This is truly an 11th hour issue as Mr. Jackman has not been noticed or subpoenaed and was not even mentioned until Plaintiffs' May 21, 2009 e-mail putting forth his name for the first time. Mr. Jackman was an underwriter with Capmark but has not worked for the company for some time. As far as Defendants know, he has not been subpoenaed and it is unlikely he could be found, much less scheduled, within the remaining discovery period.

<u>Brookview Commons, Enviroscience, Conifer</u>: Plaintiffs' motion refers to three additional third party witnesses who we assume are Brookview Commons, Enviroscience and Conifer. Like Mr. Jackman, these witnesses are 11th hour issues – Enviroscience was never mentioned before Plaintiffs' May 21 e-mail, and Brookview Commons and Conifer were not mentioned until Plaintiffs' e-mail dated May 26. Like Mr. Jackman, we believe none of these witnesses has been subpoenaed. And as with all seven of the depositions Plaintiffs seek by their motion, there simply is no time left in the schedule.

<u>Richard and Maureen Saepia and Roland Conde</u>: In addition, contrary to our belief as of yesterday, we have just learned that witnesses Maureen and Richard Saepia and Roland Conde do not intend to appear for their depositions at our offices June 1, 2 and 3. Worse, we had been informed by Plaintiffs counsel that he was acting as counsel for Maureen and Richard Saepia and that communications could be through him. This is crucial because, although Maureen and Richard are third parties, Plaintiffs' initial disclosure listed them as witnesses who were represented by counsel and could not be contacted directly (further, the contact information given for them was "c/o" Plaintiffs). This became an issue months ago when Plaintiffs' counsel at first said that he was not representing Maureen and Richard. At that point we asked for their addresses and telephone numbers, which are obviously known to Plaintiff Barbara Saepia, who is Maureen's and Richard's sister. Instead of providing that information, Plaintiffs' counsel said that he was meeting with Maureen and Richard for purposes of being retained and would be the point of contact thereafter. At the April 29 conference before your Honor and in all other respects, including the scheduling of the depositions, Plaintiffs' counsel indeed acted as their counsel. In response to our objection to Plaintiffs' counsel's email of today informing us that the witnesses will not appear, Plaintiffs have now directed us to take the issue up with Richard and Maureen directly.[1] While we again requested the Saepias' contact information, this has not been provided. Obviously, we need the Court's intervention to resolve this issue.

---

[1] A copy of the email is attached.



**FOLEY & LARDNER LLP**

Honorable Kathleen Tomlinson
May 29, 2009
Page 3

    Finally, Plaintiffs' statement that they have produced to Defendants all the documents that they have in their various letters agreed to produce is simply not true.

    Defendants respectfully request that your Honor deny Plaintiffs' motion and grant Defendants' discovery motions, including for sanctions.

Respectfully,

Catherine McGrath

cc: Andrew Donner, Esq. (via ECF and electronic mail)

# McGrath, Catherine M.

**From:** asdlaw@aol.com
**Sent:** Friday, May 29, 2009 11:13 AM
**To:** McGrath, Catherine M.
**Subject:** Re: (no subject)

I am and continue to be counsel for Roland Conde (limited to the extent he is not a party). I have been retained as such. I have never been counsel for Richard or Maureen Saepia. And have never been retained. I have intervened primarily as a courtesy to you and plaintiff.

Sent from my Verizon Wireless BlackBerry

---

**From:** "McGrath, Catherine M."
**Date:** Fri, 29 May 2009 11:09:30 -0400
**To:** <ASDLAW@aol.com>
**Subject:** RE: (no subject)

Could you please clarify that you are counsel for all three of them as previously represented, or if you are no longer counsel for any of them, as of which date that changed?

---

**From:** ASDLAW@aol.com [mailto:ASDLAW@aol.com]
**Sent:** Friday, May 29, 2009 11:07 AM
**To:** McGrath, Catherine M.
**Subject:** Re: (no subject)

That is something you may have to take up with them.

---

Discover the variety of Bisquick® mix. Get Recipes & Savings Now.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.