| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | | |
|---|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | | DATE:<br>TIME: | July 7, 2009<br>1:30 P.M. |

*Chord Associates LLC, et al. v. Protech 2003-D, et al.*, **CV 07-5138 (JFB) (AKT)**

TYPE OF CONFERENCE: **STATUS CONFERENCE BY TELEPHONE**

APPEARANCES:   Plaintiff   Andrew Donner

　　　　　　　　Defendant   Catherine M. McGrath

SCHEDULING:

There will be an in-person conference on October 16, 2009 at 2 p.m. in Courtroom 910. All counsel are required to attend, including counsel for newly-added party, Roland Conde.

THE FOLLOWING RULINGS WERE MADE:

Today's telephone conference was scheduled to address the July 2, 2009 faxed letter from Plaintiffs' counsel attaching a document purportedly from Roland Conde's physician and the July 6, 2009 letter from Defendant's counsel who expressed dissatisfaction with that document and any delay in Roland Conde's deposition. After hearing from counsel for both sides, I find that Defendants have failed to meet the requisite showing of "prejudice" under the relevant case law and, therefore, the objections to the response are overruled. Further, I am directing counsel for both sides to officially file their letters and attachment with the Clerk's Office, under seal.

For the reasons stated during today's conference, I have directed the following:

1. Roland Conde's deposition is stayed for 90 days while his condition is monitored by his physician; Roland Conde is directed thereafter to appear for his immediate deposition and counsel are to cooperate in setting dates for the same;

2. In the event that Roland Conde's physician continues to maintain that Mr. Conde's condition, even with extensive accommodations to the same, would make such taking of testimony "medically contraindicated," then the physician will need to provide updated and specific information, responding to the following items:

    (A) the status of Roland Conde's medical condition at the conclusion of the 90-day period;

    (B) A list and description of all medications that Mr. Conde is then taking and what impact, if any, these medications have or might have on Mr. Conde's ability to physically sit for a deposition as well as any likely impact the medication would have on his mental ability to perceive and respond to

        questions which will be asked of him;

(C)    Whether, with extensive accommodations such as frequent breaks, breaking up the deposition over multiple days and similar alternatives, Roland Conde can participate in a deposition and what accommodations the physician would recommend; and

(D)    If the physician maintains that Roland Conde cannot sit for testimony at the conclusion of the 90-day period, what the physician's best estimate is of when Mr. Conde may do so.

This information must be provided to the Court no later than October 5, 2009 and I am directing whatever attorney is representing Mr. Conde to facilitate obtaining this information from Mr. Conde's physician if necessary. All counsel should note that if the information provided to the Court by the physician does not adequately respond to the Court's inquiries above, the Court will have no alternative but to issue an Order directing an appearance by the physician – an alternative which the Court wishes to refrain from invoking unless absolutely necessary.

3.    The Court further notes that within the upcoming 90-day period, the amended pleading has to be served adding Roland Conde as a party, Mr. Conde has to obtain counsel and either Answer or move with regard to the pleading. In addition, Mr. Conde's counsel has the right to obtain discovery in the case. This latter issue will be addressed, if it has not already been handled, at the October 16, 2009 conference.

SO ORDERED

/s/ A. Kathleen Tomlinson  
A. KATHLEEN TOMLINSON  
U.S. Magistrate Judge