Catherine M. McGrath
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 338-3541
Attorneys for Defendants/Counterclaim-Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
CHORD ASSOCIATES LLC, JOPAL :
ENTERPRISES LLC; and BARBARA M. SAEPIA, :
:
                Plaintiffs, : 07 CV 5138 (JFB) (AKT)
:
      -against- :
:
PROTECH 2003-D, LLC; AMTAX HOLDINGS 520, :
LLC; PROTECH HOLDINGS 128, LLC; CAPMARK :
AFFORDABLE EQUITY HOLDINGS INC.; :
CAPMARK FINANCE INC. (formerly known as :
GMAC COMMERCIAL MORTGAGE :
CORPORATION), its successors and assigns; :
CAPMARK CAPITAL INC. (formerly known as :
GMAC COMMERCIAL HOLDING :
CORPORATION), its successors and assigns, :
:
                Defendants. :
:
-AND- :
:
AMTAX HOLDINGS 520, LLC, PROTECH 2003-D, :
LLC and PROTECH HOLDINGS 128, LLC, :
              Counterclaim-Plaintiffs, :
:
      -against- :
:
CHORD ASSOCIATES LLC, BARBARA M. :
SAEPIA, JOPAL ENTERPRISES LLC, JOPAL :
ASSOCIATES INC. and ROLAND CONDE, :
:
              Counterclaim-Defendants. :
---------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ROLAND CONDE'S COUNTERCLAIMS**

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**ARGUMENT** ......................................................................................................................... 2

    I.    **MR. CONDE'S DEFAMATION CLAIM IS BARRED BY ABSOLUTE PRIVILEGE AND THE STATUTE OF LIMITATIONS, AND IN ALL EVENTS IS DISMISSIBLE AS A MATTER OF LAW FOR FAILURE TO MEET THE NECESSARY ELEMENTS OF A DEFAMATION CLAIM** ...................................................... 2

        A.    **Absolute Privilege Bars Mr. Conde's Defamation Claim** ..................... 2

        B.    **Mr. Conde's Claim Based on an Alleged January 2008 Meeting are Untimely** ................................................................................. 3

        C.    **Mr. Conde's Allegations About the January 2008 Meeting are Impermissibly Speculative and Insufficient as a Matter of Law** .......... 4

    II.    **MR. CONDE'S COUNTERCLAIM FOR FALSE LIGHT INVASION OF PRIVACY IS NOT COGNIZABLE UNDER NEW YORK LAW** ............ 6

    III.    **MR. CONDE'S COUNTERCLAIM FOR VEXATIOUS LITIGATION IS NOT COGNIZABLE UNDER NEW YORK LAW AND IS IN ALL EVENTS BARRED BY THE DOCTRINE OF LAW OF THE CASE** ............................................................................................... 7

        A.    **Mr. Conde's "Vexatious Litigation" Claim Fails to State Any Viable Cause of Action Under New York Law** ..................................... 7

        B.    **Mr. Conde's "Vexatious Litigation" Claim Is Barred by the Law of the Case Doctrine** ...................................................................... 8

    **CONCLUSION** ............................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

Alfano v. NGHT, Inc.,
    623 F. Supp. 2d 355 (E.D.N.Y. 2009) ...................................................................6

BCRE 230 Riverside LLC v. Fuchs,
    59 A.D.3d 282, 874 N.Y.S.2d 34 (1st Dep't 2009) ................................................5

Bobal v. Rensselaer Polytechnic Inst.,
    916 F.2d 759 (2d Cir. 1990)............................................................................4, 5, 6

Colandrea v. Twn. of Orangeton,
    490 F. Supp. 2d 342 (S.D.N.Y. 2007)....................................................................6

Dillon v. City of New York,
    261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999) .................................................4

Impallomeni v. Meiselman, Farber, Packman & Eberz, P.C.,
    272 A.D.2d 579, 708 N.Y.S.2d 459 (2d Dep't 2000) ........................................2, 3

Johnson v. Holder,
    564 F.3d 95 (2d Cir. 2009)......................................................................................9

Kane v. Orange County Publ'ns,
    232 A.D.2d 526, 649 N.Y.S.2d 23 (2d Dep't 1996)...............................................6

Kelly v. Albarino,
    485 F.3d 664 (2d Cir. 2007)....................................................................................2

Long v. Sowande,
    27 A.D.3d 247, 810 N.Y.S.2d 195 (1st Dep't 2006) .............................................4

McAnaney v. Astoria Financial Corp.,
    No. 04-1101, 2007 WL 2702348 (E.D.N.Y. 2007) ...............................................9

McNeil v. United States,
    508 U.S. 106 (U.S. 1993).......................................................................................8

Mills v. Miteq, Inc.,
    No. 06-752, 2008 WL 350922 (E.D.N.Y. Feb. 7, 2008) ........................................4

O'Brien v. Alexander,
    898 F. Supp. 162 (S.D.N.Y. 1995), aff'd, 101 F.3d 1479 (2d Cir. 1996)........4, 6, 7

Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,
   322 F.3d 147 (2d Cir. 2003)..................................................................................9

Regan v. Coldwell Banker Residential Real Estate Servs., Inc.,
   176 A.D.2d 864, 575 N.Y.S.2d 887 (2d Dep't 1991) ..............................................8

Rock v. Mustich,
   No. 08-4976, 2009 WL 2391776 (S.D.N.Y. Aug. 9, 2009)....................................4

Sexter & Warmflash, P.C. v. Margrabe,
   38 A.D.3d 163, 828 N.Y.S.2d 315 (1st Dep't 2007) ...............................................2

Shehab v. Chas. H. Sells, Inc.,
   2006 WL 938715 (S.D.N.Y. 2006).........................................................................8

Stevenson v. Bank of N.Y. Co.,
   No. 06-4268, 2009 WL 919442 (S.D.N.Y. Mar. 26, 2009)....................................5

Stinson v. Sheriff's Dep't of Sullivan County,
   499 F. Supp. 259 (S.D.N.Y. 1980) .........................................................................8

**Statutes and Rules**

CPLR 203...............................................................................................................................4

CPLR 215(3) .......................................................................................................................4, 6

CPLR 3016.............................................................................................................................4

**Treatises**

43A N.Y. Jur. 2d Defamation & Privacy § 5.......................................................................6

67A N.Y. Jur. 2d Injunctions § 125.....................................................................................7

Siegel, N.Y. Pract. § 48.........................................................................................................4

Defendants/Counterclaim-Plaintiffs Protech 2003-D, LLC, Amtax Holdings 520, LLC, Protech Holdings 128, LLC, Capmark Affordable Equity Holdings Inc., Capmark Finance Inc., and Capmark Financial Group, Inc. (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss the counterclaims of Counterclaim-Defendant Roland Conde.

## PRELIMINARY STATEMENT

Roland Conde's counterclaims all arise, in one form or another, from Defendants' allegation in this action that Mr. Conde and Barbara Saepia concealed his role in the Belmont Villas project because he has been effectively barred from participating openly in tax credit or other low income housing programs. Ironically, in pleadings in other cases Mr. Conde admits as much, and in fact he has affirmatively argued that the reason for this effective bar is his past criminal indictment. This irony aside, Mr. Conde's counterclaims for defamation, false light and vexatious litigation are fatally flawed, and none states a cause of action against Defendants. Specifically:

- Mr. Conde's defamation counterclaim fails as a matter of law because it is based on statements made in the course of this litigation that are absolutely privileged. To the extent that Mr. Conde's defamation counterclaim is based on statements that might have been made in an alleged January 2008 meeting, it is barred by the statute of limitations and, in all events, fails to plead the elements of a defamation claim.

- Mr. Conde's counterclaim for "false light invasion of privacy" does not exist under New York law. Further, the counterclaim is duplicative of – and must be dismissed on the same grounds as – the defamation claim.

- Mr. Conde's counterclaim for "vexatious litigation" also rests on a theory that does not exist under New York law, and the counterclaim should be dismissed on that ground alone. Further, any claim that Defendants are litigating against Mr. Conde in bad faith is

1

barred under the law of the case doctrine as a result of the Court's ruling on Defendants' joinder motion.

## ARGUMENT

I. **MR. CONDE'S DEFAMATION CLAIM IS BARRED BY ABSOLUTE PRIVILEGE AND THE STATUTE OF LIMITATIONS, AND IN ALL EVENTS IS DISMISSIBLE AS A MATTER OF LAW FOR FAILURE TO MEET THE NECESSARY ELEMENTS OF A DEFAMATION CLAIM**

Mr. Conde's counterclaim fails to identify a single actionable statement by Defendants; thus, his defamation claim should be dismissed.

### A. Absolute Privilege Bars Mr. Conde's Defamation Claim

Statements made in the course of judicial proceedings – including statements by counsel, the parties, and witnesses – are absolutely privileged from defamation liability so long as they are "pertinent" to the litigation. Kelly v. Albarino, 485 F.3d 664, 666 (2d Cir. 2007) (affirming dismissal of defamation claim based on statements in a party's sworn affidavit because statements were absolutely privileged); Sexter & Warmflash, P.C. v. Margrabe, 38 A.D.3d 163, 828 N.Y.S.2d 315 (1st Dep't 2007) (dismissing defamation claim because statements made in letter exchanged among counsel and parties in a litigation were absolutely privileged).

What is "pertinent" is determined by an "extremely liberal standard," Sexter & Warmflash, 38 A.D.3d at 171, 828 N.Y.S.2d at 322, and includes "any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent," Kelly, 485 F.3d at 666. Moreover, this absolute privilege immunizes the speaker from liability regardless of motive or actual malice. Sexter & Warmflash, 38 A.D.3d at 171, 828 N.Y.S.2d at 322; Kelly, 485 F.3d at 666. "Pertinence" is a question of law for the Court that can be determined on a motion to dismiss. See Sexter & Warmflash, 38 A.D.3d 163, 171, 828 N.Y.S.2d at 322; Impallomeni v. Meiselman, Farber, Packman & Eberz, P.C., 272

2

A.D.2d 579, 579, 708 N.Y.S.2d 459, 460 (2d Dep't 2000) (dismissing defamation claim on the pleadings based on absolute privilege).

Here, Mr. Conde's defamation claim is based primarily on statements made by Capmark and its attorneys in pleadings, affidavits and court proceedings to the effect that Mr. Conde is unable to participate openly in low income housing tax credit projects as a result of a past criminal indictment.  (E.g., Conde Answer and Counterclaims ("Conde Answer") ¶¶ 27-31, 42.) These statements were made in the course of this litigation, and they are unquestionably pertinent: as Defendants have alleged, Mr. Conde's apparent inability to participate openly in the federal tax credit program due to his past criminal indictment explains why Mr. Conde and Ms. Saepia went to great lengths to conceal Mr. Conde's role in the Belmont Villas Project. Accordingly, the pleadings and affidavits Mr. Conde identifies in his counterclaim are absolutely privileged and cannot form the basis for a defamation claim.

Mr. Conde also alleges that in January 2008 a developer known as the Rechler Group ("Rechler") verbally agreed to hire him and Bruce Kaplan as consultants for an unrelated development project.  Mr. Conde then alleges that Mr. Rechler met with Capmark's Phil Pavlovicz and a broker at the Belmont Villas site.  The next day, Rechler allegedly cancelled the consulting engagement, citing Mr. Conde's "criminal past" and (using language similar to that in Capmark's pleadings) his "effective bar[] from participation in the tax credit program."  (Conde Answer ¶ 49.)  In the likely event that Rechler learned of Mr. Conde's indictment through litigation papers, absolute privilege similarly bars Mr. Conde's defamation claim.

### B. Mr. Conde's Claim Based on an Alleged January 2008 Meeting are Untimely

To the extent that Mr. Conde implies that someone at the January 2008 meeting made a statement about him as opposed to a reference to the litigation, January 2008 is well outside the

3

one year statute of limitations for a defamation claim under New York law.  CPLR 215(3); see Rock v. Mustich, No. 08-4976, 2009 WL 2391776 at *3, 5-6 (S.D.N.Y. Aug. 9, 2009) (dismissing defamation claim as untimely and holding that neither plaintiff's pro se status nor her medical excuse justified an exception to the statute of limitations); O'Brien v. Alexander, 898 F. Supp. 162, 170 (S.D.N.Y. 1995), aff'd, 101 F.3d 1479 (2d Cir. 1996) (dismissing defamation claims as untimely under CPLR 215).  Under New York's tolling statute, CPLR 203(d), Mr. Conde's counterclaims relate back, at the earliest, to the filing of Defendants' motion to join him as a party on April 22, 2009 (Dkt. No. 70) – more than a year after January 2008.  See Long v. Sowande, 27 A.D.3d 247, 248, 810 N.Y.S.2d 195, 197 (1st Dep't 2006) (for CPLR 203 purposes, a claim is interposed against a newly added party when plaintiff files a claim – or a motion to add a claim – against that party); Siegel, N.Y. Pract. § 48 (newly added defendant's counterclaim relates back to date of claim against new defendant, not to date of original complaint).  Accordingly, Mr. Conde's defamation claim is barred by the statute of limitations.

### C. Mr. Conde's Allegations About the January 2008 Meeting are Impermissibly Speculative and Insufficient as a Matter of Law

In addition to the time bar, Mr. Conde's allegation that somebody might have said something about him at the January 2008 meeting does not come close to stating a cause of action for defamation.

Under New York law, a defamation claim must allege: a false and defamatory statement, about the claimant, publication by the defendant to a third party, and damages.  Mills v. Miteq, Inc., No. 06-752, 2008 WL 350922, at *2 (E.D.N.Y. Feb. 7, 2008) (dismissing defamation claim); Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1, 5 (1st Dep't 1999) (dismissing defamation claim).  Further, under CPLR 3016, a defamation claim must set forth the "particular words complained of" to survive the pleadings stage.  Bobal v. Rensselaer

4

Polytechnic Inst., 916 F.2d 759, 763 (2d Cir. 1990) (affirming dismissal of pro se plaintiff's defamation claim where she failed to plead the actual words spoken); Stevenson v. Bank of N.Y. Co., No. 06-4268, 2009 WL 919442, at *10 (S.D.N.Y. Mar. 26, 2009) (dismissing defamation claim where pleading failed to identify particular defamatory statement).  Paraphrasing of the alleged defamatory statement is insufficient.  BCRE 230 Riverside LLC v. Fuchs, 59 A.D.3d 282, 283, 874 N.Y.S.2d 34, 36 (1st Dep't 2009).

For example, in BCRE 230 Riverside LLC v. Fuchs, the counterclaimant alleged that plaintiff "or his agents" had stated words "to the effect" that counterclaimant had tossed fluids and objects from the terrace of his apartment, causing the New York Post to publish an article on the subject.  Id.  The court dismissed the defamation claim because, like Mr. Conde's claim here, it did not allege who made the allegedly defamatory statement and, in paraphrasing the allegedly defamatory statement by merely quoting the newspaper article, it failed to specify the particular words used.  Id.

Here, Mr. Conde has neither identified the speaker of the allegedly defamatory words spoken in January 2008, nor what those words might have been.   Mr. Conde might argue that he inferred from the timing of Mr. Rechler's call that Mr. Rechler learned about the allegations from something said at the meeting, but it is just as likely Rechler learned about them from Court papers in this action, in Mr. Conde's own bankruptcy proceeding, or one of Mr. Conde's many other litigations.  Likewise, Mr. Conde might speculate that Mr. Rechler learned of the allegations from something said by Mr. Pavlovicz other than in Court filings, but it is just as likely that the speaker (if there was one) was the unnamed broker or someone else not even at the meeting.  Such vague and unspecified allegations are insufficient to state a claim, even in a pro se pleading.  See Bobal, 916 F.2d at 762-63 (dismissing pro se litigant's defamation claim for

5

failure to specify words spoken and other elements, despite more lenient standard applied to pro se pleadings).

Thus, Mr. Conde's defamation counterclaim should be dismissed for failure to state a cause of action as well as on the grounds of absolute privilege and the statute of limitations.

**II.    MR. CONDE'S COUNTERCLAIM FOR FALSE LIGHT INVASION OF PRIVACY IS NOT COGNIZABLE UNDER NEW YORK LAW**

New York law does not recognize a cause of action for false light invasion of privacy. Alfano v. NGHT, Inc., 623 F. Supp. 2d 355 (E.D.N.Y. 2009); Colandrea v. Twn. of Orangeton, 490 F. Supp. 2d 342, 350-51 (S.D.N.Y. 2007); Kane v. Orange County Publ'ns, 232 A.D.2d 526, 528, 649 N.Y.S.2d 23, 26 (2d Dep't 1996).

There is no other label that could possibly breathe life into Mr. Conde's claim. For instance, the statute of limitations for the potentially analogous claim of "false words causing special damages" is also one year. CPLR 215(3). Most importantly, where, as here, a tort claim is duplicative of a defective defamation claim, the claim should be dismissed on that ground alone. O'Brien, 898 F. Supp. at 172-73 (where plaintiff's defamation claim was dismissed on absolute privilege and statute of limitations grounds, claims for "injurious falsehood" and "general tort" based on same allegedly defamatory conduct were dismissed as duplicative); 43A N.Y. Jur. 2d Defamation & Privacy § 5. Mr. Conde's false light claim seeks essentially the same damages as his defamation claim based on the same alleged conduct. (Conde Answer ¶ 53, alleging damage to Mr. Conde's "dignity and reputation."). The claim should be dismissed no matter how it is characterized.

6

### III. MR. CONDE'S COUNTERCLAIM FOR VEXATIOUS LITIGATION IS NOT COGNIZABLE UNDER NEW YORK LAW AND IS IN ALL EVENTS BARRED BY THE DOCTRINE OF LAW OF THE CASE

#### A. Mr. Conde's "Vexatious Litigation" Claim Fails to State Any Viable Cause of Action Under New York Law

It is not entirely clear what cause of action Mr. Conde means to assert in his "vexatious litigation" claim. Although similar terms have been used in the context of claims for anti-suit injunction and malicious prosecution, Mr. Conde's claim does not fall into either category.[1] In this claim, Mr. Conde complains that Defendants "have pursued several [of his] private personal and business relationships" and "pursued various inquiries into his business activities as far back as 22 years, dealing with transactions completely irrelevant to the [Belmont Villas] Project." (Conde Answer ¶ 55.) In conclusory manner and without any factual allegations concerning Defendants' purported intent, Mr. Conde alleges that Defendants' discovery requests and counterclaims were pursued "in an effort to harass, frustrate and eventually subdue" Mr. Conde. (Id.)

If Mr. Conde's vexatious litigation counterclaim is an attempt to plead a recognized theory such as malicious prosecution, it fails to plead any of the required elements. To establish a claim for malicious prosecution, Mr. Conde would have to show: "(1) the initiation of an action by [Defendants] against [Mr. Conde], (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of [Mr. Conde]." O'Brien, 101 F.3d 1479, 1484 (affirming dismissal of malicious prosecution claim). To succeed on this claim, there must be a showing of "interference with plaintiff's person or property," for example, by arrest, attachment, replevin, injunction, or another burden "beyond

---

[1] Mr. Conde does not seek any injunctive relief, let alone an anti-suit injunction; nor could he given the absence of any pattern of repeated or frivolous litigation required for such injunctive relief. See generally, 67A N.Y. Jur. 2d Injunctions § 125.

7

the ordinary burden of defending a law suit." Id. The mere commencement of a lawsuit does not suffice. Regan v. Coldwell Banker Residential Real Estate Servs., Inc., 176 A.D.2d 864, 865, 575 N.Y.S.2d 887, 889 (2d Dep't 1991) (dismissing defamation and malicious prosecution claims). Here, there has been no arrest, attachment or injunction (nor does Capmark seek such relief).

That Defendants must engage in a guessing game to determine the nature of this claim is perhaps the clearest indicator that, even according Mr. Conde the measure of leniency due to pro se parties, he has failed to meet even basic notice pleading standards. See Shehab v. Chas. H. Sells, Inc., 2006 WL 938715, at *3 (S.D.N.Y. 2006) (rept. & rec.) ("[T]he liberal standard accorded to pro se pleadings 'is not without limits, and all normal rules of pleadings are not absolutely suspended.'") (quoting Stinson v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259, 262 (S.D.N.Y. 1980) (dismissing pro se claim)); see generally McNeil v. United States, 508 U.S. 106, 113 (U.S. 1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### B. Mr. Conde's "Vexatious Litigation" Claim Is Barred by the Law of the Case Doctrine

Whatever the nature of Mr. Conde's third cause of action, he appears, in essence, to be alleging that Defendants have brought this action against him in bad faith. Regardless of whether that is sufficient to state a cause of action – and, as discussed above, it is not – this Court has already determined that Defendants' did not bring their claims against Mr. Conde in bad faith. In the Court's July 2, 2009 ruling granting Defendants' motions to add fraud and aiding and abetting fraud claims and to join Mr. Conde as a party, the Court held:

> [Defendants] could have included Mr. Conde from the very beginning, or tried to include him from the very beginning to get

8

> him involved in the case and to drive up his costs and everybody's costs. [Defendants] have explained in great detail in their motion why it is that they, despite whatever suspicions they had, and indeed did have several years ago regarding Mr. Conde's role, why they did not add him at that time. But rather once they saw the additional documents and the emails that were produced in discovery, decided that based upon the additional evidence, it was appropriate for them to move to add him as a party.
>
> So, given their explanations and the circumstances, if anything, their delay suggests good faith rather than bad faith under the circumstances of this case. (Tr. of July 2, 2009 Hearing, at 23-24.)
>
> \*       \*       \*
>
> So for all those reasons . . . the equities, the potential prejudice, the issues of bad faith, all the Court rejects under the circumstances of this case and I'm going to allow Mr. Conde to be added as an adverse party. (Tr. at 26)

This holding is the law of the case; thus, any claim by Mr. Conde that rests on the legal conclusion that Defendants' brought their claims against Mr. Conde in bad faith should be dismissed. Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." Johnson v. Holder, 564 F.3d 95, 98 (2d Cir. 2009) (applying doctrine to bar reopening of issue); see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (citations omitted); McAnaney v. Astoria Financial Corp., No. 04-1101, 2007 WL 2702348, at *12 n.18 (E.D.N.Y. 2007) (Bianco, J.) (denying motion to amend complaint because prior ruling that similar claims should be dismissed was the law of the case). Only "compelling" circumstances not present here, such as a change in intervening law, new evidence or the need to correct a "clear error" or "manifest injustice," warrant departure from this rule. Johnson, 564 F.3d at 99-100. Because no such circumstances exist here, the Court's earlier finding that Defendants have

9

not acted in bad faith with respect to Mr. Conde should continue to govern, and Mr. Conde's vexatious litigation claim should be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court dismiss Roland Conde's counterclaims in their entirety, and grant such other relief as the Court deems just and proper.

Dated: October 9, 2009
      New York, New York

                              Respectfully submitted,

                              **FOLEY & LARDNER LLP**

                              By: _____/s_____
                                  Catherine M. McGrath
                              90 Park Avenue
                              New York, New York 10016
                              (212) 338-3541
                              cmcgrath@foley.com

                              Attorneys for Defendants/Counterclaim-Plaintiffs
                              Protech 2003-D, LLC
                              AMTAX Holdings 520, LLC
                              Protech Holdings 128, LLC,
                              Capmark Affordable Equity Holdings Inc.,
                              Capmark Finance Inc. and
                              Capmark Capital Inc.