

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

CLIENT/MATTER NUMBER
094503-0101

November 5, 2009

<u>**VIA ECF**</u>

The Honorable Joseph F. Bianco
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Chord Associates LLC, *et al*. v. Protech 2003-D, LLC, *et al*.
             (E.D.N.Y.), Index No. 07-CV-5138 (JFB) (AKT)

Dear Judge Bianco:

      We write as counsel for defendants in order to advise the Court that on October 25, 2009, defendants Capmark Affordable Equity Holdings Inc., Capmark Finance Inc. and Capmark Capital Inc. filed voluntary chapter 11 petitions under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. The bankruptcy cases were assigned case numbers No. 09-13704-CSS, No. 09-13689-CSS and No. 09-13687-CSS. See attached proof of filings. As a consequence of the filing, the action against them is automatically stayed. For the reasons explained below, we request that this action be taken off the calendar and held in suspense.

      As your Honor is no doubt aware, 11 U.S.C. Section 362(a) provides that the filing of the subject bankruptcy cases acts as a stay of "the commencement or continuation of [any] action or proceeding… against the debtor that could have been commenced before the commencement of the [bankruptcy case]…" or "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Any acts taken in violation of this automatic stay are void and without effect. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994).

      Further, defendants Protech Holdings 128, LLC, Amtax Holdings 520, LLC and Protech Holdings 128 LLC, each of which is a special purpose entity, are wholly owned subsidiaries of Capmark Affordable Equity Holdings Inc.[1] Plaintiffs' claims against the Protech and Amtax entities are not differentiated from the claims against the defendants who have filed bankruptcy petitions. The witnesses involved in the action are employees of the defendants who have filed, and the resources needed to defend the actions belong to those defendants. As such the claims against the Protech and Amtax entities impact and are inextricably interwoven with the bankruptcy estates of the defendants who have filed petitions. *48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987) (actions that impact bankruptcy estate or are inextricably interwoven with bankruptcy case are subject to stay); *see Stoller v. Baldwin-United Corp.*, 41 B.R. 884, 891(S.D. Ohio 1984) (actions against the non-debtor related party defendants are similarly stayed where, as here, the "claims against [the debtors] are

---

      [1] *See* Plaintiffs' First Amended Complaint ¶¶ 8-10; Defendants' Answer to the First Amended Complaint and Amended Counterclaims ¶¶ 8-10.

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO |
| | | | | WASHINGTON, D.C. |



The Honorable Joseph F. Bianco
November 5, 2009
Page 2

inextricably interwoven with the claims against the solvent co-defendants, and arise from the same factual and legal basis as the claims against the solvent co-defendants" and where discovery efforts by the parties will be "well-nigh impossible to prepare without discovery from the debtor[]"); *In re Ms. Kipps, Inc.,* 34 B.R. 91 (Bankr. S.D.N.Y. 1983) (staying state court action against non-debtor jointly and severally liable with debtor, reasoning that claims against non-debtor were inextricably interwoven with claims against debtor); *see A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1001 (4th Cir. 1986) (holding that any action in which the judgment may diminish an important asset of the estate is unquestionably subject to a stay under Section 362(a)(3)); *see, e.g., MCEG Prods.,* 133 B.R. 232, 235 (Bankr. D. Cal. 1991) ("§ 362(a)(3) protects against such acts to exercise control over property of the estate without distinction as to the form such interference takes."); *In re Metal Center, Inc.,* 31 B.R. 458, 462 (Bankr. D. Conn. 1983) (debtor's protection extended to enjoin litigation against others if the result would be binding upon the debtor's estate).

In addition to the automatic stay as a result of the bankruptcy filings, the matter has been effectively stayed by Magistrate Tomlinson as a result of issues relating to the newly added counterclaim defendant, Roland Conde.  Recently, however, Mr. Conde has served subpoenas on non-parties Wilder Balter Partners Inc. and Conifer Realty.  Mr. Conde may also have served a subpoena on Enviroscience Consultants, Inc.  This discovery also affects and is inextricably intertwined with the bankruptcy estates, and it is on that basis also subject to the automatic stay.

Moreover, as practical matter, the litigation cannot properly proceed as against some but not all of the parties, as there would be a waste of judicial resources and a potential for divergent results were the matter to be litigated as to only some of the defendants while the claims relating to the debtors are reserved for determination by the bankruptcy court.  *See Pappas v. Freund*, 660 N.Y.S.2d 302, 306 (Sup. Ct. N. Y. County 1997) ("issues of comity, orderly procedure, judicial economy and discretion" warrant that the entire suit be stayed).  Further, as noted above, any additional discovery would of necessity implicate the defendants who have filed petitions.  *Stoller v. Baldwin-United Corp.*, 41 B.R. 884, 891 (S.D. Ohio 1984) (actions against the non-debtor related party defendants are similarly subject to stay where discovery efforts by the parties against debtor in bankruptcy is stayed).

Based upon the foregoing, we respectfully request that the subject lawsuit be taken off the Court's calendar and held in suspense.

Respectfully submitted,

*/s/*

Catherine M. McGrath

Attachments

cc: Roland Conde (via e-mail and U.S. mail)
    Andrew Donner, Esq. (via ECF and e-mail)