# BRUCE H. KAPLAN, ESQ.
44 Wall Street, 12th Floor
New York, New York 10005
(212) 639-9000
Fax: (212) 658-9747
brucehkaplan@gmail.com

November 11, 2009

| | |
|---|---|
| The Honorable Joseph F. Bianco | The Honorable A. Kathleen Tomlinson |
| United States District Court | United States District Court |
| Eastern District of New York | Eastern District of New York |
| 100 Federal Plaza, Courtroom 920 | 100 Federal Plaza, Courtroom 910 |
| Central Islip, NY 11722 | Central Islip, NY 11722 |

Re: Chord Associates, LLC *et al*. v. Protech 2003-D, LLC *et al*.
EDNY Case No. 07 CV 5138 (JFB/KAT)("Action")

Dear Judges Bianco and Tomlinson:

I write as co-counsel for Plaintiffs/Counterclaim Defendants in response to the letter by counsel for Defendants/Counterclaim-Plaintiffs Catherine M. McGrath, Esq. dated November 5, 2009 wherein she requests that the Action be taken off the Court's calendar and held in suspense due to the bankruptcy filing of Capmark Finance Inc. and its affiliates ("Capmark"). We do not dispute counsel's statement that the action against defendants Capmark Affordable Equity Holdings Inc., Capmark Finance Inc. and Capmark Capital Inc. ("Capmark Debtors") is stayed pursuant to 11 U.S.C. §362.

We do however take issue with counsel's request to stay all proceedings, as the gravamen of Plaintiffs' complaint is against non-debtors defendants Amtax Holdings 520, LLC, Protech 2003-D, LLC and Protech Holdings 128, LLC ("Membership Entities"), which have various membership roles within the apartment complex at issue, Belmont Villas LLC ("Project"), which also is not a debtor.  Much of the financial press about the Capmark bankruptcy filing makes specific reference to the fact that "Capmark Bank", a Utah bank, is not part of the filing because Capmark's principals desire to maintain its untarnished viability. Similarly, the filing of a bankruptcy petition by one or more of the Membership Entities would constitute an event of default under many of the Loan Documents, thus further jeopardizing the Project's tax-exempt bond financing and Low-Income Housing Tax Credits ("LIHC"), and thus such entities appear to not be covered by the automatic stay.

Further, because the Project was placed in service by Defendants in 2009, the 15-year regulatory period will commence January 1, 2010, and the LIHC, which have been allocated to Plaintiff Jopal Enterprises LLC and were to have been Amtax Holding 520 LLC's to syndicate, will start to "burn" unused at an annual rate of $1,109,687 (together with anticipated additional credits to be allocated in connection with extra Project costs).  Accordingly, without a fast resolution of the

The Honorable Joseph F. Bianco
November 11, 2009
Page 2

Action, no less than $92,473.92 per month ($1,109,687/12) will be wasted beginning in January.

  Moreover, the action by Counterclaim-Plaintiffs Amtax Holdings 520, LLC, Protech 2003-D, LLC and Protech Holdings 128, LLC, and which action does not include the Capmark Debtors as Counterclaim-Plaintiffs, against Counterclaim-Defendants Chord Associates LLC, Barbara M. Saepia, Jopal Enterprises LLC, Jopal Associates Inc. and Roland Conde, is not stayed. To paraphrase the First Circuit in <u>DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Insurance Company</u>, 448 F.3d 460, 463 (1st Cir. 2006):

> [Counterclaim-Plaintiffs'] position is predicated upon the erroneous assumption that bankruptcy proceedings created an "automatic stay" that enjoined or abated their suit against [Counterclaim-Defendants]. They correctly note that the filing of a bankruptcy petition triggers an automatic stay under §362(a) of the bankruptcy code. *See, In re Jano*, 283 F.3d 392, 398 (1st Cir. 2002). However, that section provides that a petition in bankruptcy stays the commencement or continuation of all nonbankruptcy judicial proceedings "against the debtor." 11 U.S.C. §362(a), and has absolutely no effect on the debtors' ability to bring suit *against other parties*. (Emphasis in original).

  The Third Circuit, within which the Capmark bankruptcy cases are proceeding, found similarly in <u>Acands, Inc. v. Travelers Casualty and Surety Company</u>, 435 F.3d 252, 259 (3d Cir. 2006), in which it stated:

> Sub-sections 362(a)(1) and 362(a)(3) differ in that the stay of actions and proceedings provided for by §362(a)(1) applies only to actions brought *against* the debtor—"the statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." [*Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir. 1982)] at 448.

  *Accord*, <u>Rhone-Poulenc Surfactants and Specialties, L.P. v. C.I.R.</u>, 249 F.3d 175, 180 (3rd Cir. 2001); <u>Olick v. v. Parker & Parsley Petroleum Company</u>, 145 F.3d 513, 516 (2d Cir. 1998); <u>Cobe v. Smith</u>, 229 B.R. 15 (9th Cir. BAP 1998); <u>In re Kaiser Aluminum Corp</u>., 303 B.R. 299 (D.Del. 2003); <u>In re Hagerstown Fiber Ltd. Partnership</u>, 277 B.R. 181, 215 (Bkrtcy. S.D.N.Y. 2002).

  Accordingly, there is no basis to stay the counterclaim action, or third parties' responses to Counterclaim-Defendants' subpoenas, and in any event, Ms. McGrath is the wrong party to make such request. The subpoenas were sent out weeks ago, and there will be no financial prejudice to the Capmark Debtors in having third parties respond. The response will be served upon Ms. McGrath, and the Capmark Debtors will not incur any expense merely by that fact. What the

The Honorable Joseph F. Bianco
November 11, 2009
Page 3

Capmark Debtors choose to do with the response(s), and whether they choose to incur any expenses is within their control.

Further, with respect to certain discovery ruling we have been awaiting from Judge Tomlinson since May, we would request that she issue her rulings, so that they are available to the litigants with respect to the counterclaims, and if need be, with respect to any proceedings which may transpire in bankruptcy court. <u>Brighton Collectibles, Inc. v. Renaissance Group International</u>, 239 Fed.Appx. 333 (9th Cir. 2007)(Automatic stay in business competitor's bankruptcy case did not preclude district court from issuing rulings in copyright, trademark and trade dress infringement action, since the case had already been briefed and fully argued when bankruptcy petition was filed).

Defendants have complicated and delayed the litigation of the Action, and particularly with respect to Plaintiffs' motion for Partial Summary Judgment, with full knowledge of their clients' intent to file bankruptcy. It is paradoxical that Defendants have sought to have the Court condone their use of their (former) financial might to "scorch the earth", and now ironically they seek to use a contrived plea of financial frailty to do more of the same. They complicated and delayed the litigation knowing of the looming bankruptcy, and their claim of "inextricably intertwined issues" is nothing but yet another contrivance.

Thus, it is inherently unfair to have the entire case held "in suspense" after Plaintiffs' lesser resources have been diminished over two years in an effort to finish discovery so as to bring the case to the point of a decision or trial, and to free themselves of this cloud on their ability to do business in the affordable housing field, an area in which Capmark apparently now no longer wishes to employ its vaunted resources and experience. Accordingly, we would ask that, in the event you are inclined to stay any portion of the Action, that you hold the Capmark Debtors' request in abeyance in order to give Plaintiffs/Counterclaims Defendants an opportunity to seek relief from the bankruptcy stay and/or to continue the Action as an adversary proceeding.

Thank you for your attention.

Very truly yours,

Bruce H. Kaplan