# ▪FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

November 19, 2009

CLIENT/MATTER NUMBER
094503-0101

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Courtroom 920
Central Islip, New York 11722

      Re:   Chord Associates LLC, *et al.* v. Protech 2003-D, LLC, *et al.* (E.D.N.Y.) Index No. 07-CV-5138 (JFB) (AKT)

Dear Judge Bianco:

      I write on behalf of Defendants to request a telephone conference to address their request that the action be taken off the calendar and held in suspense due to the October 25, 2009 bankruptcy filings by various Capmark entities, including defendants Capmark Affordable Equity Holdings Inc. Capmark Finance Inc. and Capmark Capital Inc. By letters dated November 11 and 16, 2009, Plaintiffs and Roland Conde argue that the action should, in effect, be bifurcated and that they should be allowed to proceed with their claims against Capmark's special purpose subsidiaries. Neither letter cites applicable law or responds to the central arguments in my November 5th letter to your Honor. Plaintiffs and Mr. Conde do not and cannot dispute that Plaintiffs' claims are identical and undifferentiated as against all entities, or that the claims against the non-filing entities impact are integral to the bankruptcy estates. They do not and cannot dispute that the witnesses, documents and financial resources necessary for the defense of the action reside with the chapter 11 filing entities, thus raising concerns that the integrity of the automatic stay may be compromised if the action is not otherwise held in suspense.

      In addition to the fact that the arguments put forth by Plaintiffs and Mr. Conde are simply incorrect (for instance, the tax credits are not "burning" as Mr. Kaplan claims), the activity they have undertaken since the October 25, 2009 bankruptcy filings underscores the need to suspend this action. While Plaintiffs and Mr. Conde have been disregarding their own discovery and briefing deadlines, they have been aggressively pursuing various third parties for discovery including threatening to bring motions for contempt against them. The third parties include the entity with whom Defendants had been in negotiation for the sale of the Belmont

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY |
|---|---|---|---|---|
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO |
|  |  |  |  | WASHINGTON, D.C. |

NYC_681472.1


**FOLEY & LARDNER LLP**

The Honorable Joseph F. Bianco
November 19, 2009
Page 2


Villas project, and the management company that is currently operating the project. Simultaneously, Mr. Kaplan is aggressively attempting to settle this matter within the context of the bankruptcy proceedings. Plaintiffs and Mr. Conde are using this action as a means of gaining leverage for their unacceptable settlement overtures in the bankruptcy proceeding, or to gain an unfair advantage by one-sided discovery tactics, or both.

      As in the case of any other situation in which a party to a litigation has commenced a bankruptcy case, a suspension of the District Court action will not pose any extraordinary delay or prejudice. The bankruptcy court employs a full array of processes and procedures for addressing when and how the parties' claims should be pursued. Neither Plaintiffs nor Mr. Conde can show actual prejudice and there is none, particularly in light of the fact that the action has been virtually stayed for almost 6 months and will remain so at Mr. Conde's own request. Even if they could show prejudice, they would need to address the issue with the bankruptcy court – clearly, proceeding against the special entities alone, which Defendants oppose and believe violates the automatic stay, would not resolve this action in any meaningful way and would instead create a true risk of repetitive proceedings, prejudice to the Debtors and inconsistent results. It is equally clear that there is a compelling need for a hiatus now so that the Debtors can attend to more pressing matters in their chapter 11 cases and the bankruptcy court and not be compelled to defend the special purpose entities here in contravention of the automatic stay.

      For all these reasons, we request a conference as soon as practicable.

Respectfully submitted,

Catherine M. McGrath

cc:    Magistrate Judge Kathleen Tomlinson (by ECF)
         Andrew Donner, Esq. (by ECF and e-mail)
         Bruce Kaplan, Esq. (by ECF and e-mail)
         Roland Conde (by e-mail and U.S. Mail)