**Roland Conde**
**5 Carman Court**
**Huntington Station, NY 11746**
eljote2@optonline.net

November 16, 2009

Honorable Joseph F. Bianco
Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    Chord Associates LLC et al v. Protech 2003-D et al.
                <u>Case No 07-CV-5138 (JFB) (AKT)</u>

Dear Judges Bianco and Tomlinson:

      I am writing in my capacity as pro-se counterclaim defendant. I am responding to Catherine McGrath's letter, dated November 5, 2009 in which she asks this Court that this matter be held in suspense as a result of the bankruptcy filing of Capmark Finance Inc. and its affiliates.

      I hope Your Honors will forgive my reminding them of circumstances of which they are already aware. After approximately two years of litigation, Defendants' Counsel decided, at the very end of the discovery period, to join me in this action. As a basis to do so, and in her counterclaims against me, counsel purposely distorted the facts to this Court. Counsel, alleged repeatedly, starting more than a year before I was joined and when my status was simply that of a non-party witness, that "my criminal problems excluded me from participating in the affordable housing field". Clearly counsel either knew, or had at her disposal the ability (and thus the duty) to ascertain, that her aspersions were untruthful. When confronted by her untruths in my Answer and Counterclaim (Docket Document # 134, filed 8-13-09 at paragraphs 26 thru 31), Defendants' counsel did not (and could not) defend her veracity, rather opining that a lawyer's "absolute privilege" entitles her to lie to judges in Federal District Court with impunity (Motion to Dismiss Counterclaims and Memo of Law Docket Document #145-1 filed 10/09/09 at page 5).

      Indeed, in an attempt to give her misrepresentations the color of truth, she stated in her Memorandum of Law that I have <u>admitted</u> in "various pleadings" in other cases that my criminal past has so excluded me". Evidently, Ms. McGrath's special talents of deceit are so compelling

The Honorable Judges
Joseph F. Bianco and A. Kathleen Tomlinson
November 16, 2009
Page 2

that she appears to now believe her own lies. I have never made any such statements in any pleadings or otherwise. So, in essence, I am being sued for 28 million dollars and caused to put my life on hold, endanger my health and exhaust what few assets I have because Ms. McGrath's interpretation of the law emboldens her to lie to Your Honors. I am confident this Court will not condone that.

In addition, I remind the Court that counsel was well aware of Capmark's impending bankruptcy, which she now uses as a basis to request the matter be "suspended" when the issue of my health and its impact on my deposition were considered. Counsel never disclosed the impending bankruptcy filing to this Court, and instead, in an attempt to rush me to deposition, Ms. McGrath contended that both letters from my physician were fraudulent, that my cardiac and diabetic conditions were only "excuses", and attempted to insert her own medical prognosis. As Your Honor is certainly aware, Honorable Judge Tomlinson gave no weight to Ms. McGrath's transparent protestations.

Now we come to the Capmark bankruptcy filing, and again counsel purposely distorts facts to this Court. The same parties who at counsel's behest used their financial might to run roughshod over me, have now been confronted with the facts, and thus now seek to defraud Your Honors by playing fast and loose with the actual bankruptcy filings and rules pertinent thereto.

According to the Trust Indenture between the project's Borrower (Belmont Villas LLC), the Suffolk County IDA and the Trustee, a bankruptcy filing by either the Borrower or any of the members of the Borrower Entity (Protech 2003-D LLC, Protech Holdings 128 LLC and AMTAX Holdings 520 LLC, Defendants) would constitute an event of default that would render both the tax-exempt bond and the tax credits worthless. Therefore, it is not by chance that the Delaware Bankruptcy Court filing does not list either the Protech or AMTAX entities as debtors. It is common knowledge, by way of published reports in various media outlets and Capmark's own website, that Capmark has specifically excluded as named debtors some affiliated entities such as Capmark Bank, because they cannot be tarnished with a bankruptcy filing that would impair their viability as functioning assets.

So it follows that since neither the Amtax nor Protech entities are named debtors under the Capmark bankruptcy filing of October 25, 2009, and because a debtor's counterclaims are not covered by the automatic stay, there exists no stay requiring the suspension of my discovery, and that misrepresentations to the contrary made to this Court by Defendants' counsel are nothing more than one more assault upon the truth with intent to deceive. Indeed, even if Defendants Protech and AMTAX entities were to come under the protection of an "automatic stay", they would be compelled under the Bankruptcy Code to pursue any litigation that could even remotely suggest the possible existence of an asset, i.e., the $28 million sought from me and from Plaintiffs.

Case 2:07-cv-05138-JFB-AKT   Document 151   Filed 11/20/09   Page 3 of 3

The Honorable Judges
Joseph F. Bianco and A. Kathleen Tomlinson
November 16, 2009
Page 3

      I respectfully reiterate the axiom that "justice delayed is justice denied". I am old, poor and infirm. I now get to add to that resume "and I am also a defendant being sued for $28 million dollars". If this matter is stayed or suspended, I will be prejudiced more so than any party to this litigation. I didn't defraud any one, I didn't breach any contract, I didn't even enter into any contract, I didn't sue anyone, I received no remuneration, but in addition to defending this action I will have to disclose in perpetuity in every financial application I may file (i.e. employment or phone contract, utility services, car loan, business loan, etc.) that the suit against me for $28 million dollars has no time frame for resolution.

      In light of these facts, and other arguments, defendant's request that this matter be held in "suspense" is frivolous, at best, and should be denied.

Thank-you for your attention.

*[signature]*

Roland Conde
*pro se*