

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

CLIENT/MATTER NUMBER
094503-0101

December 31, 2009

VIA ECF

The Honorable Kathleen Tomlinson
U.S. Magistrate Judge, E.D.N.Y.
100 Federal Plaza
Central Islip, New York  11722

> Re:   Chord Associates et al. v. Protech 2003-D et al., Case No. 07-cv-5138

Dear Judge Tomlinson:

We write on behalf of Defendants to supplement their request for a stay of the litigation in light of the bankruptcy filings of Defendants Capmark Affordable Equity Inc., Capmark Finance Inc., Capmark Capital Inc.  Plaintiffs argue that the litigation should continue against the non-debtor defendants Protech 2003-D, LLC, AMTAX Holdings 520, LLC, and Protech Holdings 128 (the "Non-debtor Defendants" or "Member Entities").  On December 17, 2009 your Honor instructed that this submission should address the questions raised at the hearing.  Since then we have attempted to obtain a copy of the transcript to insure compliance with this instruction.  Despite our efforts, we have not been able to obtain the transcript due to the holiday and vacation schedules of the court reporters and other administrative staff.

Nonetheless, one of the issues discussed at length  was the corporate relationship between the Non-debtor Defendants and the debtor entities.  As the Belmont Villas LLC Operating Agreement (Exhibit 1) reflects,  funding was through a construction  loan from Capmark Finance Inc., a debtor defendant, a bridge loan from Capmark Affordable Properties Inc., a debtor, a loan by Protech Holdings, and investments by the Member Entities – primarily AMTAX.  The attached chart (Exhibit 2) and operating agreements and stock ownership documentation (Exhibits 3-8) show the relationships between the Protech entities and AMTAX and their members.  The ultimate parent of the Protech entities and AMTAX is Capmark Financial Group Inc., which is a debtor.

The Belmont Villas Operating Agreement (Exhibit 1) provides in Section 6.2.1 – the waterfall provision – that Capmark Financial Inc. has priority for repayment from the profits of the project.  Capmark Affordable Properties Inc., which is the entity that  provided the bridge loan required  under Section 5.1.3, is to be repaid through AMTAX Holdings LLC.   The loan from Protech Holdings 128 is likewise provided for.   AMTAX is first in line for payment for outstanding credit recovery loans, eleventh to receive 20% of residual cash flows and thirteenth to receive 99.98% of all remaining cash flows after the all other obligations have been paid.

BOSTON           JACKSONVILLE      MILWAUKEE        SAN DIEGO              SILICON VALLEY
BRUSSELS          LOS ANGELES       NEW YORK         SAN DIEGO/DEL MAR      TALLAHASSEE
CHICAGO           MADISON           ORLANDO          SAN FRANCISCO          TAMPA
DETROIT           MIAMI             SACRAMENTO       SHANGHAI               TOKYO
                                                                           WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

Honorable Kathleen Tomlinson
December 31, 2009
Page 2

Further, Section 4.2 of the Operating Agreements of AMTAX Holdings 520, LLC allocate 100% of profits to American Tax Credit Corporate Fund XX which in turn allocate profits 100% to Capmark Affordable Equity Inc.

Another issue discussed at length was whether this case meets the standard set forth in In re Calpine Corp., 365 B.R. 401 (S.D.N.Y. Mar. 28, 2007).  The Court in Calpine did not need to reach the question whether, on the facts of that case, the automatic stay applied under the Section 362 standard – i.e., whether a claim against the  non-debtor would have an immediate adverse economic consequence for the debtor's estate.  Applying the Section 362 standard here, there is no dispute that Capmark entities hold all of the debt on the Belmont Villas project, and Plaintiffs claims  are overtly aimed at undermining Defendants' rights and ability to obtain repayment of the debt.   When Plaintiffs argue that the Non-debtor Defendants AMTAX and Protech entities have "assets" in the form of contractual rights to distributions of profits or repayment of loans under the waterfall provision of the Belmont Villas LLC. operating agreement (which Plaintiffs argue as a justification for continuing the litigation against these entities), Plaintiffs are in fact admitting the "immediate adverse economic consequences for the debtor's estates" –  Capmark Affordable Properties Inc., Capmark Affordable Equity Inc., and Capmark Finance Inc., each a debtor, will be repaid through the very profits that Plaintiffs seek to divert and would divert were they to obtain an adverse judgment against the Non-debtor defendants.

Further, the moving party in Calpine argued that the debtor party would be irreparably harmed if the litigation proceeded against a non-debtor based on, among other things, (1) the risk of collateral estoppel and evidentiary prejudice, and (2) the burden and distraction of key employees from the debtors' restructuring efforts.  Although the Court in Calpine based its ruling on the latter ground and did not address the former, both grounds pertain here.  First, as to the risks of evidentiary prejudice, there is and can be no dispute that the claims against the debtor and non-debtor entities are identical and undifferentiated such that all fact, legal, evidentiary and other issues are inextricably intertwined.  Plaintiffs have not identified a single issue that could be disentangled.  Even though rulings would be null and void and would have to be reconsidered in the action against the debtors, the evidentiary prejudice is inescapable.  Second, Plaintiffs identify David Sebastian as a key witness, and he is a high ranking officer involved in the debtors' restructuring efforts.  But most significantly, the equities tip in favor of the stay.  Against the injury to the parties and to the Court that would result in having mirror image claims tried in two proceedings with all the attendant waste of resources, risk of inconsistent decisions and evidentiary prejudice, Plaintiffs have shown no injury to themselves or the public interest.  Their argument that tax credits are burning is factually incorrect (the credits can be claimed retroactively for three years and as such would not begin to be implicated until 2013), and in all events irrelevant as the credits do not belong to them and would not, no matter the outcome of the litigation.[1]

---

[1]  Under applicable regulations, the tax credits belong to the owners of Belmont Villas LLC; the owners of Belmont Villas LLC are Capmark entities, not the Plaintiffs.



**FOLEY & LARDNER LLP**

Honorable Kathleen Tomlinson
December 31, 2009
Page 3

      For all of these reasons Defendants respectfully submit that the claims here are inextricably intertwined, that a ruling against the non-debtor would have an immediate adverse economic consequence for the debtors' estate, and that the harm in proceeding with the litigation far outweighs any inconvenience to the Plaintiffs in waiting for an orderly proceeding against all parties in one forum.

                          Respectfully,

                          /s

                          Catherine McGrath

Attachments  (exhibits filed under seal with courtesy copy to chambers)

cc:  Andrew Donner, Esq. (via ECF and electronic mail)
     Roland Conde (via electronic mail)