UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHORD ASSOCIATES LLC, JOPAL
ENTERPRISES LLC; and BARBARA M.
SAEPIA,

                              Plaintiffs,                             **ORDER**

         -against-
                                                                      07-5138  (JFB) (AKT)

PROTECH 2003-D, LLC, AMTAX HOLDINGS
520, LLC; PROTECH HOLDINGS 128, LLC;
CAPMARK AFFORDABLE EQUITY HOLDINGS
INC; CAPMARK FINANCE INC. (formerly known
as GMAC COMMERCIAL MORTGAGE
CORPORATION), its successors and assigns;
CAPMARK CAPITAL INC. (formerly known
as GMAC COMMERCIAL HOLDING
CORPORATION),

                              Defendants.
-------------------------------------------------------------X

AMTAX HOLDINGS 520, LLC, PROTECH
2003-D, LLC, CAPMARK FINANCE, INC.,
CAPMARK CAPITAL, INC. and PROTECH
HOLDINGS 128, LLC,

                              Counterclaim-Plaintiffs

                              - against -

CHORD ASSOCIATES LLC, BARBARA M.
SAEPIA, JOPAL ENTERPRISES LLC, JOPAL
ASSOCIATES, INC., and ROLAND CONDE,

                              Counterclaim-Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendants move to compel Richard Saepia and Maureen Saepia (the "Saepias"), siblings

of Plaintiff Barbara Saepia, to produce documents and to appear for depositions in accordance

with subpoenas served by Defendants. *See* DE 92. According to the Defendants, the Saepias acted as Barbara Saepia's representatives in communications with Defendants, contractors and others during the course of Plaintiffs' participation in the Belmont Villas project (the "Project"). *Id*. Defendants claim that "based on documents produced in discovery, the Saepias appear to have contributed financially to Plaintiffs in connection with the Project." *Id*. None of these documents have been produced to the Court in support of this motion. However, Defendants maintain that

> the subpoenas are appropriately directed to the Saepias' work on the Project, any compensation they received, their interests, financial or otherwise in the Project, their communications with other key witnesses in the case, and their participation and experience in construction and/or low income housing projects. In addition, both Plaintiffs' allegations and Defendants' fraud claims place in issue the Plaintiffs' involvement in another low-income senior housing development known as Krystie Manor; the subpoenas to the Saepias also, therefore, appropriately seek documents and testimony on this topic.

DE 92 at 1.

According to the Defendants, the Saepias have not objected to or moved to quash the subpoenas. Instead, Defendants assert that "through their counsel," the Saepias have stated several times that they intend to comply and have discussed various deadlines with Defendants' counsel. However, Defendants' counsel notes, the Saepias have not appeared for a deposition and have not produced a single document. *Id*.

The Court received a letter in response to DE 92 from Bruce Kaplan, Esq., Plaintiffs' co-counsel, who states that the Saepias are non-parties whom he does not represent. *See* DE 96. Attorney Kaplan represents Plaintiffs in this action, signed the original Complaint, is copied on correspondence from the early days of this case and appeared for Plaintiffs at the Initial

Conference back in April of 2008.  On April 9, 2009, Judge Bianco "so ordered" a Substitution of Counsel for Attorney Andrew Donner who came into the case on behalf of Plaintiffs in place of Gibbons, P.C., who had been prior co-counsel with Attorney Kaplan.  The Amended Complaint [DE 71] which was filed on April 22, 2009 was executed by both Andrew Donner and Bruce Kaplan as co-counsel for Plaintiffs.   There is no indication that either attorney has ever appeared on behalf of the Saepias.  Nonetheless, Attorney Kaplan in his letter to the Court notes that Attorney Donner, as a courtesy, obtained the authority of the Saepias to accept service of the subpoenas on their behalf in light of concerns voiced by Defendants' counsel that they had been unable to serve the Saepias.  See DE 96.  For some limited period of time apparently, Attorney Donner intervened to expedite a response to the subpoena.  Then, Attorney Kaplan makes the following assertion:

> Mr. Donner is now advised by the third party witnesses that, not surprisingly given their very limited involvement, they have no documents whatsoever responsive to the Defendant's demands.  He is further advised that contrary to the conclusory allegations of the motion, they neither acted as representatives of Plaintiffs, nor contributed financially to the Project, and clearly have had no interest, financial or otherwise, in the Project.  Any involvement, as minimal as it may have been, was limited to the common assistance siblings expect of each other (*i.e.*, picking out fabric patterns) and nothing more.

*Id*. at 1.

Rule 45 of the Federal Rules of Civil Procedures provides that "an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by subpoena. Fed. R. Civ. P. 45(a)(3).  Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Beare v. Millington*, No. 07-CV-3391, 2010 WL

3

234771, at * 3 (E.D.N.Y. Jan. 13, 2010) (citations omitted). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Id*. (citing Rule 45(e) and *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). In examining the subpoenas forwarded by Defendants' counsel as exhibits to their letter motion to compel, the Court notes that the subpoenas appear to be duly constituted and in compliance with Rule 45. Defendants' counsel accepted service, for better or worse. The Saepias, therefore, had two options: (1) comply with the subpoena or (2) move to quash or modify. They did neither and apparently have felt no compulsion to act in response to the subpoenas one way or the other. The only thing that has occurred is the representation through Plaintiffs' counsel that the Saepias now have no documents.

According to Defendants' subsequent submission [DE 103], the Saepias, while not producing any documents, agreed to appear for deposition on June 1, 2009. Then, suddenly, two or three days before the scheduled depositions, Defendants' counsel was notified that the Saepias would not be appearing for their depositions. *See* DE 105. The Court will not continue to countenance whatever gamesmanship is underway here with regard to the Saepias. Defendants have advised the Court that Plaintiffs listed the Saepias on the Initial Disclosures in this case as non-parties who were represented by counsel and who therefore could not be contacted directly. *Id*. Various representations regarding the Saepias have been made to this Court by Plaintiffs' counsel. I am hereby directing Plaintiffs' counsel to inform this Court in writing no later than **April 15, 2010** whether counsel is representing the Saepias. If neither Mr. Kaplan nor Mr. Donner is representing the Saepias, I am directing them to inform the Court who is.

Maureen and Richard Saepia have already been properly subpoenaed. Moreover, Plaintiffs' counsel has listed them on their Rule 25(a) disclosures as individuals who have knowledge or information relating to the claims or defenses in this case. Therefore, I am directing the Saepias to present themselves for deposition by Defendants or to face further action by this Court. The Saepias are to communicate through their counsel with Defendants' counsel to arrange a mutually agreeable date for the depositions between May 6 and July 29, 2010. If they are not represented by counsel, then they are to communicate directly with Defendants' counsel to make those arrangements. The Saepias may contact Attorney Catherine McGrath at the law firm of Foley & Lardner, 90 Park Avenue, New York, New York 10016-1314, and by telephone at (212) 338-3541.

There is no indication in Defendants' papers that they served the Saepias with the motion to compel. Having reviewed all of the submissions here, the Court finds that the topic areas related to the Belmont Villas Project are very broad. As noted above, Defendants claim they are entitled to the documents designated in the subpoena based upon documents produced in discovery which, according to Defendants, show that "the Saepias appear to have contributed financially to Plaintiffs in connection with the Project." That conclusory statement is the only basis set forth by Defendants to enforce the document subpoena. In light of the opposition by Plaintiffs' counsel, even though the Saepias are non-parties not purportedly represented by Plaintiffs' counsel, the Court is concerned that the documents Defendants reference have not been presented to the Court for review to establish a good faith basis for proceeding with enforcement of the document subpoena. The Court will give Defendants' counsel an opportunity to provide the foundation documents which may establish that Defendants are entitled to enforcement of the subpoena for documents. For the moment, Defendants' motion to compel production of such documents is DENIED, without prejudice.

Defendants' rights with regard to the failure of the Saepias to produce *any* documents are preserved.

Plaintiffs' counsel is directed to serve a copy of this Order upon Richard Saepia and Maureen Saepia forthwith and to file proof of service on ECF. Should Defendants meet their burden here and the Court gives them permission to proceed with their demand for the production of documents, the Saepias are on notice that their compliance with Rule 45 will be required, absent a motion to quash or modify.

**SO ORDERED.**

Dated: Central Islip, New York
       March 30, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge