UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHORD ASSOCIATES LLC, JOPAL
ENTERPRISES LLC; and BARBARA M.
SAEPIA,

                        Plaintiffs,

         -against-

PROTECH 2003-D, LLC, AMTAX HOLDINGS
520, LLC; PROTECH HOLDINGS 128, LLC;
CAPMARK AFFORDABLE EQUITY HOLDINGS
INC; CAPMARK FINANCE INC. (formerly known
as GMAC COMMERCIAL MORTGAGE
CORPORATION), its successors and assigns;
CAPMARK CAPITAL INC. (formerly known
as GMAC COMMERCIAL HOLDING
CORPORATION),

                        Defendants.
-------------------------------------------------------------X

AMTAX HOLDINGS 520, LLC, PROTECH
2003-D, LLC, CAPMARK FINANCE, INC.,
CAPMARK CAPITAL, INC. and PROTECH
HOLDINGS 128, LLC,

                        Counterclaim-Plaintiffs

         - against -

CHORD ASSOCIATES LLC, BARBARA M.
SAEPIA, JOPAL ENTERPRISES LLC, JOPAL
ASSOCIATES, INC., and ROLAND CONDE,

                        Counterclaim-Defendants.
-------------------------------------------------------------X

**ORDER**

07-5138 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendants' counsel requested a conference to resolve outstanding discovery issues in a subsequent letter motion. *See* DE 103. Having reviewed the nature of the relief requested by

Defendants in the motion, I find that these issues have been adequately addressed in DE 166 through 169, and so DE 103 is deemed moot.

As to DE 104, the cross-motion filed by Plaintiffs' counsel in response to DE 103, and to which Defendants filed objections (see DE 105), the Court finds that if Valerie Jados has information relevant to the claims or defenses in this action, and in light of the stay as well as the forthcoming amended scheduling order, then she is to be produced for deposition.  Counsel for both sides are directed to engage in a good faith meet and confer and arrive at dates for the remaining depositions, consistent with the Court's directive (which will also be set forth in an Amended Case Management and Scheduling Order) that all depositions in this case be concluded **no later than July 29, 2010**.

Concerning Richard Williams, the Capmark asset manager who was out on a disability leave when this issue came to the fore, if Mr. Williams is now available, I am directing that he be produced for a deposition.  If there is an issue concerning his ability to travel, then Plaintiffs can arrange to videoconference his deposition from California, or they can conduct a telephone deposition or have the witness videotaped if they do not wish to make the trip to California.

With regard to Paul Zarafonitas, a Greyhawk project manager, it appears that this witness is a non-party and not an employee of Defendants.  Consequently, if Plaintiffs wish to take his deposition, then they should serve him with a proper subpoena pursuant to Rule 45.   The same principle holds for the three other unnamed third-party witnesses Plaintiffs' counsel sets forth in his letter motion.  Once again, all depositions must be concluded by July 29, 2010.  Both parties are hereby on notice that the Court will not tolerate any of these depositions being cancelled after they are scheduled.  Both sides should consider these depositions to be "Court-ordered" in order to have them completed on time and without disruption.  Again, the parties are ordered to confer

in good faith and cooperatively to arrange a mutually agreeable schedule.

Since Defendants' counsel represents that Matthew Jackman no longer works for Capmark and was never noticed for a deposition, Defendants' counsel is directed to turn over to Plaintiffs' counsel immediately the last known address for Mr. Jackman. The burden to locate, subpoena, and depose Mr. Jackman within the time frame allotted falls squarely on the Plaintiffs.

Any other non-parties whom Plaintiffs seek to depose are to be handled in the same manner, keeping in mind that the Court will not extend the deposition deadline of July 29, 2010. Likewise, the parties remain subject to the presumptive limit of ten depositions as set forth in the Federal Rules, absent a Stipulation executed by counsel for all parties agreeing to exceed that number. Defendants are free to notice or subpoena any other witnesses, within the parameters of the Court's recent discovery orders, up to the presumptive limit of ten, so long as, once again, the depositions are completed by July 29, 2010. Accordingly, DE 104 is GRANTED to the extent set forth in this Order.

**SO ORDERED.**

Dated: Central Islip, New York
       March 30, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge