# BRUCE H. KAPLAN, ESQ.

**44 Wall Street, 12th Floor**
**New York, New York 10005**
**(212) 639-9000**
**Fax: (212) 658-9747**
brucehkaplan@gmail.com

April 5, 2010

The Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

Re:     Chord Associates, LLC *et al*. v. Protech 2003-D, LLC *et al*.
           EDNY Case No. 07 CV 5138 (JFB)

Dear Judge Tomlinson:

I write for clarification of your Order dated March 28, 2010 **[DE 166]** ("Order") with respect to production of communications between and among myself, Barbara Saepia, and Roland Conde with respect to that portion of page 4 of your Order which states:

> Likewise, communications authored by Bruce Kaplan, Esq., and sent to/directed to Barbara Saepia, with a designated copy to Roland Conde, are not privileged and are to be produced.

I wish to point out that, in addition to representing Ms. Saepia and her entities regarding Belmont beginning September 15, 2004 **[DE 97-2],** my attorney-client relationship with Mr. Conde began in 1995 in connection with numerous litigated matters, yet the first retainer agreement which I can locate that is contemporaneous with the communications of this case is that dated December 10, 2004 in connection with Mr. Conde's Chapter 7 bankruptcy, EDNY Case No. 8-04-87937, a copy of which, together with my Disclosure of Compensation Statement therein, is attached (**Exhibit 1**). Mr. Conde's bankruptcy case was closed on February 26, 2008.

Thus, my attorney client-relationship with Mr. Conde continued from at least December 2004 through no earlier than February 26, 2008, and my communications with him and my other client, Barbara Saepia and her entities, are privileged, as neither client has waived the privilege.  In addition, as you are aware subsequent to Defendants' motion to compel **[DE 93]** which is the subject of your Order, Mr. Conde was joined herein as a third-party defendant, and has not yet been given the opportunity to assert the privilege as a party.

Moreover, in connection with the instant action, I was retained by Plaintiffs by letter dated August 27, 2007 (**DE 97-5**)("Belmont Retainer"), which states in part:

The Honorable A. Kathleen Tomlinson
April 5, 2010
Page 2

Further, you have advised me that Fannie Mae, at Capmark's request, has by letter dated August 9, 2007 and received by you on August 22, 2007, requested that you execute a request for extension of the long-term financing commitment on or before October12, 2007. I will require the assistance of Roland Conde to amass the facts and exhibits to be included in the Complaint in order to meet this deadline in a timely fashion.

Accordingly, it is clear that Mr. Conde has served as part of my law office, and thus communications by and among he, Ms. Saepia and I are further covered by the attorney-client privilege under the Belmont Retainer.

Accordingly, I respectfully request that you provide us with further clarification as to the extent of the attorney-client privilege by and among myself, Plaintiffs, and Mr. Conde, so that we may comply with your Order.

Thank you for your attention.

Very truly yours,

Bruce H. Kaplan

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

In re:                                                    Chapter 7

          ROLAND CONDE,
          MARY CONDE                                      Case No. 8-04-87937-mlc
                                              Debtors.


--------------------------------------------------------------------------X

## DISCLOSURE OF COMPENSATION
## PURSUANT TO RULE 2016(b)


       I, Bruce H. Kaplan, Esq., make this statement pursuant to 11 U.S.C. § 329, F.R.B.P. 2016(b), setting forth the compensation paid or agreed to be paid to me for services rendered or to be rendered in connection with the above-captioned Chapter 7 case, and the source of such compensation, and state:

       1.    I am an attorney and counselor-at-law, duly admitted to practice in the State of New York in this Court. I practice law on a part-time basis from 20 River Road, Apt. 11K, New York, New York, 10044.

       2.    In late November and early December 2004, the Debtors requested that I review with them their assets, liabilities, and financial situation in contemplation of a possible Chapter 7 bankruptcy filing, and I referred them to Ronald Weiss, Esq. for the preparation of their Chapter 7 bankruptcy papers, as I do not have bankruptcy software, nor the capability of electronic filing, nor am I actively practicing law. I will not share in any of the fees paid by Debtors to Mr. Weiss.

3.      I have thus far expended approximately four hours assisting Mr. Weiss and Debtors in the review and revision of Debtors' papers, and have agreed to represent the Debtors should supplemental proceedings be required beyond the initial Meeting of Creditors, as set forth in the annexed retainer agreement, subject to court approval.

4.      I have not received any compensation from Debtors in connection with this case, nor under the retainer agreement.  From time to time, Mr. Conde provides me, without charge, with guidance regarding the utilization of Low Income Housing Tax Credits and related financing in my efforts to create affordable housing in disadvantaged areas.  In the event my further services are requested, I will make a separate application seeking court approval.

5.      I am not disinterested as that term is defined in 11 U.S.C. § 101(14), as I am a creditor herein.

6.      I have read and am generally familiar with:  The Bankruptcy Code together with current amendments, The Bankruptcy Rules and The Local Rules of this Court.

7.      I have not received any transfer, assignment, or pledge of property or other payment in connection with this case, nor have I any other agreement for payment, except as set forth herein.

Dated:      New York, New York
            December 30 , 2004

Bruce H. Kaplan, Esq. (BK 2050)

**BRUCE H. KAPLAN, ESQ.**
**20 River Road, Suite 11K**
**New York, New York 10044**
**(212) 754-9164**
**Cell: (646) 554-4626**
**Fax: (212) 656-1998**
brucehkaplan@nyc.rr.com

December 10, 2004

Mr. Roland Conde
Mrs. Mary Conde
18 Barrington Place
Melville, NY  11747

> Re:   Chapter 7 (Adversary Proceeding)
>        <u>Roland Conde, Mary Conde</u>

Dear Mr. and Mrs. Conde:

As I have previously advised you, I asked Ronald Weiss, Esq. to prepare your referenced bankruptcy petition on my behalf, as I do not have bankruptcy software, nor the capability of performing electronic filing.

This will confirm that you have no expectation of Mr. Weiss' performing any additional work beyond filing the papers and attending the First Meeting of Creditors under the legal fee you have paid him.  I will handle any and all additional work, including adversary proceedings.

Accordingly, this letter will further confirm my agreement to represent you in connection with said additional work, and sets forth generally our understanding of what legal services I will perform and the basis of my compensation.

You will be billed at my usual hourly rates which currently range from $250 per hour for my time.   However, you should anticipate a change in the billing rate periodically, usually at the beginning of each year.  In addition, you will be responsible for all costs and disbursements which include photocopies, postage, Federal Express, court fees, service of process, messenger, etc.

Against these charges and costs, we may require a retainer in an amount to be set once we have a better idea of what services will be required.  When that retainer is consumed, you will continue to be billed monthly.  If our invoices remain unpaid for more than 30 days after submission to you, we reserve the right to seek an order seeking to be relieved as counsel in connection with any adversary proceedings.   If the retainer is not consumed, the balance will be returned to you. Payment of my fees is in no way contingent upon the outcome of the matter.

Mr. and Mrs Roland Conde
December 10, 2004
Page 2

This Retainer Agreement must be disclosed and will be subject to the provisions of the Bankruptcy Code and local court rules. In that connection, I retain the r additional compensation pursuant to the provisions of the Bankruptcy Code with regard which are not contemplated at this time and which are not covered by the above retaine

Please signify the your acceptance to the foregoing terms by signing wher below, and returning the enclosed counterpart of this letter to me together with the reta

Very truly yours,

*Bruce H. Kaplan*

Bruce H Kaplan

ACKNOWLEDGED AND AGREED.

*Roland Conde*
Roland Conde
Dated: December 15, 2004

*Mary Conde*
Mary Conde
Dated: December 15, 2004

## <u>AFFIRMATION OF SERVICE</u>

STATE OF NEW YORK   )
                           ) SS.:
COUNTY OF NEW YORK  )

        **BRUCE H. KAPLAN, ESQ.,** an attorney duly admitted to practice before this

Court, affirms as follows:

        I am not a party to the action, am over 18 years of age and reside in New York, New York.  On December 30, 2004, I served the within Disclosure of Compensation by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State addressed to each of the following persons at the last known address set forth after each name:

        Office of the United States Trustee
        Long Island Federal Courthouse
        560 Federal Plaza
        Central Islip, NY  11722

                        _____
                        BRUCE H. KAPLAN, ESQ.