

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3541
cmcgrath@foley.com EMAIL

April 9, 2010

CLIENT/MATTER NUMBER
094503-0101

<u>**VIA ECF**</u>

Honorable Kathleen Tomlinson
U.S. Magistrate Judge
U.S. District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York

Re:  Chord Associates et al. v. Protech 2003-D et al., No. 07-5138

Dear Judge Tomlinson:

     I write to respond to your Honor's April 6, 2010 order concerning third parties Richard and Maureen Saepia. I apologize for the confusion and inconvenience, but I believed that my letter to your Honor dated May 28, 2009 (DE 103) advised that the portion of defendants' May 14, 2009 motion to compel the Saepias to appear for deposition (DE 92) had been resolved, but that the portion of the motion addressed to documents remained outstanding.

     By way of background, defendants subpoenaed the Saepias on April 9, 2009 for documents and depositions to occur on April 29. After unsuccessful attempts to secure the Saepias' compliance and considerable chaos created by Mr. Donner's representation at first that he represented the Saepias and later that he did not, defendants moved by letter to compel on May 14, 2009 (DE 92). Bruce Kaplan responded on behalf of the Saepias on May 19, 2009 addressing the document portion of the motion, but not the portion addressed to depositions (DE 96). Thereafter Mr. Donner reported that the Saepias had agreed to appear for deposition, and I reported this to your Honor in my letter of May 28.

     A separate dispute arose about the location of the deposition. Defendants asked by letter motion dated May 29, 2009 (DE 105) for your Honor to compel plaintiffs to provide the Saepias' contact information so that we could make arrangements directly with them. Mr. Donner provided the information and we began discussions directly with Maureen Saepia about the location of the deposition. We asked for and your Honor granted a phone conference on June 1, 2009, and I believe that at that time we reported that we had obtained the Saepias' contact information and had been in contact with them. Your Honor ordered that the depositions take place in Nassau County at an office of defendants' choosing (DE 106). We considered this to be a ruling and did not anticipate a need for reporting compliance with the order.

| | | | | | |
|---|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY | |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE | |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA | |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO | |
| | | | | WASHINGTON, D.C. | |

NYC_785878.1



FOLEY & LARDNER LLP

Honorable Kathleen Tomlinson
April 9, 2010
Page 2

      Although we believe that our conduct was appropriate and based on reasonable assumptions at the time, in retrospect, and in light of the fast and furious onslaught of motions and disputes arising in the Spring of 2009, I acknowledge that it would have been appropriate to have reported to your Honor on these depositions.  Once again, I apologize for any inconvenience this may have caused.  We would request, however, that the portion of your Honor's order (DE 169) directing plaintiffs' counsel to state whether or not they are representing the Saepias remain in place; that information is necessary for any renewal of defendants' motion to compel documents, as contemplated in your Honor's order.

      Should the Court require any additional information, we will be happy to provide it.

      Respectfully,

      /s
      Catherine M. McGrath

cc:   Andrew Donner, Esq. (via ECF and email)
      Roland Conde (via email)
      Richard and Maureen Saepia (via email to Ms. Saepia)