**UNITED STATES DISTRICT COURT**          **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**          **MINUTE ORDER**

BEFORE:     A. KATHLEEN TOMLINSON          DATE:     5/5/10
            U.S. MAGISTRATE JUDGE          TIME:     5:00 PM

*Chord Associates LLC, et al. -v- Protech 2003D LLC, et al.,* **CV 07-5138 (JFB) (AKT)**

TYPE OF CONFERENCE:          **TELEPHONE STATUS CONFERENCE**

APPEARANCES:     Plaintiffs:     Andrew Donner

                 Defendants:     Catherine McGrath
                                 Rachel Kramer

                 Third-Party
                 Defendant:      Roland Conde (PRO SE)

                 Non-Parties:    Kimberly Wolf (Conifer Realty LLC)
                                 Tom Cunnane/Joshua Kimerling (Wilder Balter Partners, Inc.)

SCHEDULING:

       The next conference will be held by telephone on June 17, 2010 at 11:30 a.m.  Counsel for Defendants is requested to initiate the call to Chambers using an outside operator service.

THE FOLLOWING RULINGS WERE MADE:

1.      Today's telephone conference was scheduled to address the issues raised in Defendants' letter motion [DE 179] regarding the scheduling of non-party depositions sought by Third-Party Defendant Roland Conde.  Prior to today's conference, counsel for non-party Wilder Balter Partners, Inc. ("Wilder") contacted my Chambers requesting leave to join the conference, which I permitted.

2.      During today's conference, I heard oral argument regarding Mr. Conde's demand for certain documents from non-party Conifer Realty LLC ("Conifer"), which documents Mr. Conde asserts must be produced pursuant to the Rule 45 subpoena he served upon Conifer.  After hearing from Conifer's counsel, I directed that in addition to the documents Conifer has already produced pursuant to the subpoena, Conifer must also produce the requested contract for services (if it has not already done so).  In addition, Conifer is to submit to the Court for an *in camera* inspection a copy of the requested purchase offer to Capmark.  I will review the document and make a ruling whether the document must be produced.  In the event I find that there are grounds for ordering the production of the purchase offer, based upon the representations made today, Plaintiffs, Defendants and Conifer will first be permitted to submit papers setting forth their objections to such production, which I will then take into consideration in determining whether to require Conifer to produce the agreement.

3.      Mr. Conde also served a Rule 45 subpoena upon non-party Wilder, to which counsel for Wilder objects.  Pursuant to my directive, prior to the Conference, Wilder's counsel provided me with a copy of the subpoena served by Mr. Conde, which I reviewed.  The following is the briefing

schedule for Wilder's anticipated motion to quash:

- •     Wilder to file motion to quash by:     May 10, 2010
- •     Mr. Conde to file opposition papers by:     May 24, 2010
- •     Wilder to file reply papers (if any) by:     May 31, 2010

4.     The parties have agreed that Mr. Conde will take the deposition of a representative of Conifer on May 18, 2010 beginning at 10:00 a.m. at the Courthouse. My staff will confer with the Clerk's Office to make the necessary arrangements to reserve a conference room for the deposition. If, at the time of the deposition, the parties have not yet received a ruling as to the discoverability of the disputed purchase agreement, then that topic shall not be addressed during the deposition of the Conifer representative.

5.     Regarding additional depositions he seeks to take, Mr. Conde is directed to serve appropriate notices of deposition forthwith. Counsel for Defendants stated that they intend to file motions for protective orders in response to service of such notices. The depositions of employees and former employees of Capmark are to go forward, and I have directed all counsel and Mr. Conde to work cooperatively to schedule these depositions.

    Although Defendants have served a motion to dismiss Mr. Conde's counterclaims, for efficiency purposes, Mr. Conde may address information related to his counterclaims at these depositions, and then, in the event the motion to dismiss is granted, such testimony will be stricken from the record. If Mr. Conde seeks to depose employees of Defendant, then the notices of deposition must be served through Defendants' counsel. Regarding former employees of Defendants whom Mr. Conde seeks to depose, Defendants are directed to provide Mr. Conde with the individual's last known address so that Mr. Conde can then serve an appropriate subpoena. The deposition of Mr. Pavlovich (sp?) is stayed pending Judge Bianco's decision on the motion to dismiss Mr. Conde's counterclaims.

6.     Mr. Conde informed me that he filed with the *Pro Se* Office today a letter motion to compel Wilder to produce documents and appear for a deposition pursuant to the subpoena. I informed the parties that regarding such letter motion, once the other parties have had the opportunity to respond, I will review the submissions and make a ruling as appropriate. The motion is held in abeyance in the interim.

7.     In light of today's rulings, Defendants' letter motion [DE 179] is deemed MOOT.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge