UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHORD ASSOCIATES LLC, JOPAL
ENTERPRISES LLC, and BARBARA
M. SAEPIA,

                              Plaintiffs,

   -against-

PROTECH 2003-D, LLC, AMTAX HOLDINGS 520,
LLC, PROTECH HOLDINGS 128, LLC, CAPMARK
AFFORDABLE EQUITY HOLDINGS INC.,
CAPMARK FINANCE INC. (formerly known as
GMAC COMMERCIAL MORTGAGE
CORPORATION), its successor and assigns, and
CAPMARK CAPITAL INC. (formerly known as
GMAC COMMERCIAL HOLDING
CORPORATION), its successors and assigns,

                              Defendants.
   -AND-

AMTAX HOLDINGS 520, LLC, PROTECH 2003-D,
LLC, CAPMARK FINANCE INC., CAPMARK CAPITAL,
INC. and PROTECH HOLDINGS 128, LLC,

                            Counterclaim-Plaintiffs,
   -against-

CHORD ASSOCIATES LLC, BARBARA M.
SAEPIA, JOPAL ENTERPRISES LLC, JOPAL
ASSOCIATES INC. and ROLAND CONDE,

                            Counterclaim-Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK      )
                                )ss.:
COUNTY OF WESTCHESTER  )

**AFFIDAVIT IN SUPPORT
OF MOTION TO QUASH**

CV 07 5138 (JFB)(AKT)

ECF Case

       ROBERT H. WILDER, JR., being duly sworn, deposes and says:

       1.    I am Chairman of the subpoenaed non-party, Wilder Balter Partners Inc. (hereinafter "WBP"), and I am fully familiar with the facts and circumstances set forth herein.

2. I make this Affidavit in support of the instant Motion which seeks an Order to:

    a. Quash the subpoena ("Subpoena") issued to WBP by Counterclaim-Defendant Roland Conde ("Conde"), or, alternatively;

    b. Modify the Subpoena issued to WBP by Conde;

    c. Extend WBP's time to respond to any modified subpoena;

    d. Extend WBP's time to respond to the Subpoena, in the event that the Subpoena is not quashed or modified; and

    e. Grant WBP any and all such further relief that this Court deems just, proper and appropriate under the circumstances herein.

3. As set forth more fully in both the accompanying Memorandum of Law in support of this Motion and the Affirmation of Joshua E. Kimerling, the Subpoena issued to WBP by Conde should respectfully be quashed on the grounds that the Subpoena is manifestly overbroad, unduly burdensome, demands documents not relevant to the subject matter of the pending action, and is otherwise improper. A copy of the Subpoena is annexed to the accompanying Affirmation of Joshua E. Kimerling as Exhibit 1.

4. As the pleadings show, this action was commenced by the Plaintiffs against the Defendants for various claims concerning a 164-unit senior housing project known as Belmont Villas in West Babylon, New York. The Plaintiffs have asserted claims stemming from the Defendants' alleged breach, mismanagement and failure to properly perform under various contracts and other agreements relating to the completion of Belmont Villas, including its failure to complete the project by October 2006.

5. WBP had nothing to do with any of the events and circumstances discussed in Plaintiff's Amended Complaint. After the parties to this litigation were involved in their dispute and this action long commenced, the Belmont Villas project was put on the market

for sale. WBP's only involvement with Belmont Villas occurred in 2009, when WBP considered acquiring the Belmont Villas project. However, the parties were never able to agree on the terms of a transaction and a contract was never even signed.

6. As for the Defendants' counterclaims against both the Plaintiffs and, as particularly relevant to this Motion, their counterclaims for fraud and aiding and abetting fraud against Conde, those counterclaims all concern activity that occurred beginning in October of 2003 and continuing into October of 2004. Again, the Defendants' counterclaims against the Plaintiffs and Conde (and the facts and circumstances relevant to those claims) have absolutely nothing to do with WBP and occurred years before WBP considered acquiring the Belmont Villas project. The fact that WBP entertained the possibility to acquire Belmont Villas for a limited period in 2009 has nothing to do with the claims by Conde or Defendants.

7. Finally, Conde's counterclaims against the Defendants for: (i) defamation arising from statements made by the Defendants in their Answer to the First Amended Complaint and Amended Counterclaims, as well as statements allegedly made to a third party, specifically the Rechler Group, and its representatives; (ii) for "False Light Invasion of Privacy"; and (iii) for "vexatious litigation" have nothing at all to do with WBP.

8. Nonetheless, even though WBP has nothing to do with any of the facts and circumstances concerning any of the claims asserted by or against the parties to this litigation, Conde has served WBP with the Subpoena at issue.

9. Despite WBP's status as a disinterested non-party to this litigation that was never involved in any of the circumstances giving rise to any of the counterclaims asserted by or against Conde, Conde has served WBP with the Subpoena seeking a vast array of documents pursuant to a series of document requests that are entirely overbroad and exceedingly

C&F: 1355478.3

burdensome. Moreover, the documents requested are wholly irrelevant to the counterclaims asserted by and against Conde.

10. For example, approximately half of Conde's document requests demand documents pertaining to an unrelated project known as Brookview Commons ("Brookview"), in which none of the parties to the litigation were involved. Brookview was a 208 unit affordable senior housing project that WBP completed eight years ago, in 2002. None of the parties to this litigation were involved in the Brookview project, and the Brookview project has nothing to do with the claims asserted in this action. Nonetheless, Conde has demanded, inter alia, that WBP produce copies of leases concerning units at Brookview, copies of certificates of occupancy for units at Brookview, marketing materials pertaining to Brookview, and other equally irrelevant documents. Succinctly stated, Brookview has absolutely nothing to do with Belmont Villas and WBP should not be required to produce these documents.[1]

11. The Subpoena also seeks to have WBP produce irrelevant documents that relate to WBP's consideration of acquiring the Belmont Villas project, a matter which has no relevance to this litigation. These requests represent a classic case of a "fishing expedition" and are patently overbroad and unduly burdensome even though they relate to Belmont Villas.

12. All told, if forced to comply with Conde's Subpoena, WBP will have to retrieve tens of thousands of documents, review all of them and have its attorneys' review them for relevance, materiality, privilege, etc. The cost of this endeavor would be enormous. In addition to having to pull its employees off of other projects in order to assist in responding to

---

[1] While Conde has pointed to the fact that in e-mail communications between myself and Barbara M. Saepia I made reference to the unrelated Brookview project, I did so solely to demonstrate that WBP had experience in this field in order to try to encourage Chord/Saepia to reach an amicable settlement with the Defendants. My e-mails mention a reduction in the assessment at Brookview attributable to a change in the Real Property Tax Law (which is publicly available information), but in no way would justify the subpoenaing of any Brookview documents.

the Subpoena, which, in and of itself, would take weeks, WBP would then have to pay its counsel the necessary fees associated with the discovery process. Respectfully, WBP should not be forced to incur the exorbitant cost that will necessarily accompany compliance with this Subpoena.

WHEREFORE, it is respectfully requested that the Court issue an order granting the application of the non-party, Wilder Balter Partners, Inc., to quash the Subpoena in its entirety; or, in the alternative, that the Subpoena be modified and, for an extension of time to comply with the modified subpoena; or, in the event that the original Subpoena is neither quashed nor modified, an extension of time to comply with the original Subpoena; together with such other, further and different relief that this Court deems just and proper.

_____
ROBERT H. WILDER, JR.

Sworn to before me this
7TH day of May, 2010

_____
Notary Public

LINDA M. PERRY
Notary Public, State of New York
No. 01PE5082957
Qualified in Rockland County
Commission Expires August 4, 2013