# THE LAW OFFICES
# OF
# ANDREW S. DONNER

Telephone: (516) 605-1108  Fax: (516) 605-1084

25 NEWBRIDGE ROAD.
SUITE 420
HICKSVILLE, NEW YORK 11801

ALSO ADMITTED IN ARIZONA

E-mail: asdlaw@aol.com
98 CUTTER MILL ROAD
GREAT NECK, NY 11021
(BY APPOINTMENT ONLY)
Address all correspondence to: Hicksville

Of counsel:
HILLARY B. BLUMENTHAL
KEITH LEPACK
DAN BUTTAFUOCO
CHRISTOPHER J. LITREL

June 1, 2010

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:   **Chord et al. v. Protech 2003-D, et al.**
      **(E.D.N.Y.) Index No. 07-CV-5138(JFB)(AKT)**

Dear Judge Tomlinson:

Attached please find Plaintiffs' supplemental response to Defendants' First and Second requests for documents, particularly as detailed by your Honor's Order of March 27, 2010, (DE167), in response to Defendants' Motion to Compel.

As is apparent from the attached, counsel for Defendants Ms. McGrath, who has already been admonished by Your Honor for information she repeatedly withheld (*See* your Order, DE175) has, in addition, purposely overburdened this Court and Plaintiffs with yet another frivolous motion, as all documents demanded had been in Ms. McGrath's possession at the time of she brought her motion to compel (DE90). The singular exception was the production of documents regarding the Nelson & Pope litigation, which, until recently, were in the possession of Plaintiffs' former attorneys. Although Plaintiffs are producing the Nelson and Pope ("N&P") documents to Defendants pursuant to your Order, it will become self-evident that such

material is irrelevant to this action, as N&P's involvement with the project had ceased at least two years before Defendants joined Belmont, and it was not the Project Engineer at any time during Plaintiffs' subsequent transactions with Defendants.

  Ms. McGrath omitted from her motion the fact that she already had in her possession virtually 100% of the documents she was seeking. As can been seen from Exhibit 1, Plaintiffs have itemized documents pertaining to the production previously made to Defendants. In a further attempt to comply with your order, Plaintiffs have again made a thorough search for any responsive documents which may be in their possession and possibly not yet turned over to Defendants. It was found that any and all responsive documents in Plaintiffs' possession had already been given to Defendants. In addition, as your Honor clearly stated in your Order, it would be acceptable for any responsive documents to be produced to Defendants by third parties. What Plaintiffs' discovered was that Attorney McGrath was already in possession of all documents via a combination of Plaintiffs' production and that of third parties.

  That notwithstanding, we believe the attached represents full compliance with your Honors' order.

Respectfully submitted,

S/ Andrew S. Donner
Andrew S. Donner