UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 07-CV-5138 (JFB) (AKT)
_____

CHORD ASSOCIATES, LLC, ET AL.,

Plaintiffs,

VERSUS

PROTECH 2003-D, LLC, ET AL.,

Defendants.

_____

**MEMORANDUM AND ORDER**
September 21, 2010
_____

JOSEPH F. BIANCO, District Judge:

Defendants Protech Holdings 128 LLC, Protech 2003-D-LLC, and AMTAX Holdings 520 LLC (collectively "defendants") have moved to dismiss the claims asserted by *pro se* party Roland Conde ("Conde").[1] For the reasons that follow, the Court grants the motion in its entirety. Conde's defamation claim fails because the statements at issue are either (1) absolutely privileged because they were made in the context of legal proceedings, or (2) barred by the statute of limitations. Conde's claim for "false light invasion of privacy" fails because no such common-law claim exists under New York law, and, additionally, any such claim would be duplicative of Conde's defamation claim. Conde's "vexatious litigation" claim fails because no such claim exists under New York law, and, even liberally construing Conde's *pro se* allegations, they fail to state a claim for any other tort. Additionally, the Court denies Conde's motion for sanctions.

I. BACKGROUND

This case relates to the construction of Belmont Villas, a housing development project in Suffolk County. *See generally Chord Assocs. LLC v. Protech 2003-D LLC*,

---

[1] Defendants Capmark Affordable Equity Holdings, Capmark Finance, Inc., and Capmark Capital, Inc. ("the Capmark defendants") initially joined in the motion to dismiss. As discussed *infra*, however, the action has been stayed with respect to the Capmark defendants because they have filed voluntary Chapter 11 bankruptcy petitions.

No. 07-cv-5138, 2010 WL 1257874, at *1 (E.D.N.Y. Mar. 25, 2010) (Tomlinson, M.J.) (providing background on this case). Plaintiffs Chord Associates LLC, Jopal Enterprises LLC, and Barbara Saepia initially filed the complaint in this action on December 10, 2007. Defendants answered and filed counterclaims on January 2, 2008.

Plaintiffs filed an amended complaint asserting various common-law tort and contract claims on April 22, 2009. That same day, defendants filed a motion to amend their counterclaims and to join Roland Conde as a defendant on the counterclaims. Defendants' basis for making this motion was that discovery had allegedly revealed that Conde had acted as plaintiff Saepia's "undisclosed principal." (*See* Defs.' Motion to Amend Their Counterclaims and to Join Roland Conde As an Adverse Party, ECF No. 70-1 at 3, 5-10.) Plaintiffs did not oppose defendants' motion to amend their counterclaims, but they did oppose defendants' motion to add Conde.

Defendants filed, under seal, an amended answer and counterclaims on May 21, 2009. On July 2, 2009, in a ruling from the bench, this Court granted defendants' motion to add Conde as an adverse party under Federal Rule of Civil Procedure 20.

Conde, proceeding *pro se*, answered the defendants' counterclaims on August 13, 2009 and asserted three counterclaims of his own against defendants/counter-plaintiffs. Less than two months later, on October 9, 2009, defendants moved to dismiss Conde's counterclaims.

On December 3, 2009, this Court stayed briefing on the motion after defendants moved to stay the action as a whole. By way of background, Defendants Capmark Affordable Equity Holdings, Capmark Finance, Inc., and Capmark Capital, Inc. ("the Capmark defendants") had filed voluntary Chapter 11 bankruptcy petitions in the fall of 2009. Accordingly, the action against them was automatically stayed under 11 U.S.C. § 362(a). The remaining defendants, Protech Holdings 128 LLC, Protech 2003-D-LLC, and AMTAX Holdings 520 LLC (collectively "the Protech/AMTAX defendants") moved to have the action stayed against them as well. The Court referred this motion to Magistrate Judge Tomlinson.

In a March 25, 2010 Memorandum and Order, Judge Tomlinson denied the Protech/AMTAX defendants' motion to stay the action pending the bankruptcy proceedings. *Chord Assocs. LLC v. Protech 2003-D LLC*, No. 07-cv-5138, 2010 WL 1257874, at *12 (E.D.N.Y. Mar. 25, 2010). Judge Tomlinson, however, granted a brief discretionary stay until May 3, 2010. *See id*. at *13.

The day after the stay expired, on May 4, 2010, this Court set a schedule for the remainder of the briefing on the instant motion to dismiss. In Conde's opposition papers, filed May 24, 2010, he asserted that plaintiff's counsel should be sanctioned under Federal Rule of Civil Procedure 11. Defendants submitted their reply on June 11, 2010. The motion is fully submitted.

II. Motion To Dismiss

A. Standard of Review

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the

2

factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that the plausibility requirement "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted)).

Moreover, "[o]n occasions too numerous to count," the Second Circuit has "reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original))); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

B. Discussion

Conde brings claims for (1) defamation, (2) false light invasion of privacy, and (3) "vexatious litigation." For the reasons set forth below, the Court determines that none of these claims can survive defendants' motion to dismiss.

1. Defamation

Conde's first counterclaim is for defamation. His complaint actually attributes several different defamatory statements to defendants. The statements are all references to Conde's alleged criminal history and/or to the fact that he was allegedly barred from participating in low-income housing projects. Conde contends that the references to his criminal past and his inability to participate in low-income housing projects are false. Specifically, he asserts that only convicted felons are unable to participate and that he was never convicted of a felony. (*See* Conde Answer & Countercls. ¶ 43.) Almost all of these statements were made in the context of filings in this case; one, however, was not.

a. Statements Made in the Context of This Litigation

As noted above, all but one of the statements Conde cites as defamatory were made in this litigation. He cites, for example (1) defendants' reference in a memorandum of

3

law to his "past criminal problems";[2] (2) statements in defendant's answer to the first amended complaint that Conde had (a) been "barred from low income housing projects . . . . due to his past indictment";[3] (b) been "indicted for overstating the value of properties in order to obtain mortgage from Freddie Mac";[4] and, (c) although ultimately acquitted, "lost his ability to apply for the tax credits necessary to carry out the development of low income housing business."[5]

Statements made in judicial proceedings generally cannot be defamatory. An absolute privilege protects such statements if they are at all "pertinent" to the underlying proceeding. Under well-settled law, the standard for "pertinence" is "extremely liberal," and the statements "'need be neither relevant nor material . . . and the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices." *Pomerance v. McTiernan*, 859 N.Y.S.2d 44, 46 (App. Div. 2008) (internal citations omitted); *accord Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) ("[T]his is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege even though such matter may be ineffectual as a defense.") The privilege extends to, *inter alia*, statements made in pleadings,[6] briefs,[7] and affidavits[8] submitted to the Court.

Here, the statements in defendants' filings are privileged. First, there is no question these statements—made in a memorandum of law, an answer asserting counterclaims, and a declaration in opposition to an Order to Show Cause—were made in the context of judicial proceedings. Second, references to Conde's alleged criminal past and alleged inability to participate in certain programs are pertinent to this litigation. As noted above, "pertinence" is an "extremely liberal" standard and is not equivalent to "relevance" or "materiality." One of defendants' theories of this case is that plaintiff Saepia essentially acted as an "undisclosed principal" for Conde. (*See* Defs.' Motion to Amend Their Counterclaims and to Join Roland Conde As an Adverse Party, ECF No. 70-1 at 3, 5-10. ) Thus, statements regarding Conde's past—even if ultimately proven inaccurate or false—are pertinent to explain why Conde would allegedly need to use Saepia as a front. *Cf., e.g., Rufeh*, 858 N.Y.S.2d at 196 ("[T]he

---

[2] (Conde Answer & Countercls. ¶ 27.)

[3] (*Id.* ¶ 29.)

[4] (*Id.* ¶ 30.)

[5] (*Id.* ¶ 31; *see also id.* ¶ 28 (citing statement by an employee of defendant's made in declaration submitted in opposition to an Order to Show Cause); *id.* ¶ 36 (citing statements of plaintiffs' counsel).)

[6] *See, e.g.*, *Kaye v. Trump*, 873 N.Y.S.2d 5, 6 (App. Div. 2009) ("[T]he statements made in the complaints in the actions instituted against plaintiff are absolutely privileged."); *Rufeh v. Schwartz*, 858 N.Y.S.2d 194, 196 (App. Div. 2008) (statements in answer in breach of contract action were privileged).

[7] *See, e.g.*, *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 138 (S.D.N.Y. 2002).

[8] *See, e.g.*, *Kelly*, 485 F.3d at 665-66 (applying privilege to affidavit submitted in surrogate's court); *Lewittes v. Blume*, 795 N.Y.S.2d 13, 14 (App. Div. 2005) (applying privilege to statement made in affidavit in support of order to show cause).

allegations all had at least some marginal relevance to the fraud theory the defendants were advancing . . . . Accordingly, the statements were privileged."). In sum, the pertinence standard is easily met here. Accordingly, statements made in court filings regarding Conde's alleged criminal past and inability to participate in certain programs cannot be the basis for a defamation claim.

b. The January 2008 Statement

Conde also contends that, in January 2008, he had verbally agreed to provide consulting services to an entity known as the Rechler Group (which is not a party here) on another affordable housing project, not Belmont Villas. At one point, Gregg Rechler, a Rechler Group principal, met with defendants' representatives to discuss the Rechler Group also getting involved in the Belmont Villas project. The next day, Rechler allegedly told Conde that, because of Conde's "criminal past" and "concealment of a ban that effectively barred [him] from participation in the tax credit program," Rechler was terminating the verbal agreement his company had with Conde regarding the other housing project. (Conde Answer & Countercls. ¶ 49.)

Conde asserts that Phil Pavolicz, one of defendants' employees, must have told Rechler about Conde's alleged criminal past and alleged inability to participate in tax credit programs. (*See* Conde Answer & Countercls. ¶ 49; *see also* Conde Opp. ¶¶ 8-9.)

This claim is untimely. A one-year statute of limitations applies to defamation claims brought under New York law. *See, e.g.*, *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) ("Under New York law, the statute of limitations for a defamation claim is one year." (citing N.Y. C.P.L.R. § 215.3))). Here, the one-year statute of limitations began to run in January 2008, when the statement was allegedly made. It expired in January 2009. Conde did not file his counterclaims until August 12, 2009.

Additionally, although Conde's counterclaims could be considered interposed when defendants filed their counterclaims on May 21, 2009,[9] this is still four months after the limitations period for the defamation claim had run. Similarly, although the limitations period for Conde's counterclaims may have been tolled when defendants sought to add him as an adverse party,[10] defendants did not seek to add him as an adverse party until April 22, 2009. This is still three months after the limitations period for Conde's defamation claim expired. Accordingly, Conde's defamation claim is time barred.

In sum, Conde's defamation claims are based on statements that are either privileged or time-barred. Accordingly, the claims must be dismissed.

2. False Light Invasion of Privacy

Conde also asserts a claim for false light invasion of privacy. (*See* Conde Answer & Countercls. ¶¶ 51-53.) This claim is based on "[t]he repeatedly false and highly offensive portrayal of Conde as someone whose 'past

---

[9] *See* N.Y. C.P.L.R. § 203(d).

[10] *See Maloney v. MacFarland Johnson, Inc.*, No. 04-CV-0750E(Sc), 2006 WL 2135788, at *8 (W.D.N.Y. July 28, 2006) ("Under New York law, a motion for leave to amend a complaint to add a defendant tolls the statute of limitations until the entry of the order deciding the motion . . . ." (footnote omitted)).

5

criminal problems' have 'allegedly barred' or 'effectively barred' or 'banned' him from participating in the low income housing projects." (*Id.* ¶ 52.) Conde further contends that defendants' "portrayal" of him "effectively intruded into his privacy and severely damaged his credibility and stature within the development community of Suffolk County . . . and beyond." (*Id.*)

This claim is without merit. As a threshold matter, New York law does not recognize a tort for false light invasion of privacy. *See Messenger ex rel. Messenger v. Gruner + Jahr Printing and Pub.*, 727 N.E.2d 549, 556 (N.Y. 2000) ("New York does not recognize such a common-law tort."); *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 376 (S.D.N.Y. 2010) ("New York does not recognize a common law 'false light' invasion of privacy tort."); N.Y. Jur. Defamation & Privacy § 290 ("The courts of New York refuse to recognize this cause of action."). Furthermore, this claim essentially rehashes the allegations in Conde's defamation claims, which the Court has already dismissed. *See supra*. Accordingly, the claim fails for this additional reason. *Lines v. Cablevision Sys. Corp.*, No. 04 CV 2517 DRH ETB, 2005 WL 2305010, at *5 (E.D.N.Y. Sept. 21, 2005) ("[P]laintiff claims that his reputation in the industry was damaged because of an alleged wrongful communication . . . . Accordingly . . . this case sounds in defamation and Plaintiff may not avoid the obstacles in bringing that claim by stating a purported general tort." (collecting cases)); *O'Brien v. Alexander*, 898 F. Supp. 162, 172 (S.D.N.Y. 1995) ("Each of [plaintiff's privacy-related tort] claims, however, are in essence a restatement of plaintiff's defamation claim, which I have dismissed. Accordingly, each of these claims must be dismissed as well."); *Balderman v. Am. Broad. Cos.*, 738 N.Y.S.2d 462, 470 (App. Div. 2002) ("We conclude that the intentional tort cause of action should be dismissed as duplicative of the defamation cause of action."). Thus, because no such tort exists under New York common law and because Conde's factual allegations on this claim merely re-state his defamation claims, the Court dismisses this cause of action.

3. Vexatious Litigation

Finally, Conde brings a claim for "vexatious litigation." This claim deals with defendants' actions in the current litigation, in particular their inquiries into Conde's business and personal activities. (*See* Conde Ans. & Countercls. ¶ 55.) Conde appears to seek only money damages on this claim. (*See id.* ¶ 57.)

The Court's independent research has not revealed any New York cause of action for "vexatious litigation." To the extent Conde is asserting a malicious prosecution claim, one element of malicious prosecution is that the underlying litigation forming basis of the claim must have terminated in the plaintiff's favor. *See, e.g.*, *Castro v. E. End Plastic, Reconstructive & Hand Surgery, P.C.*, 850 N.Y.S.2d 483, 485 (App. Div. 2008). Because this action is still ongoing, it has not terminated in Conde's favor, and any malicious prosecution claim would fail as a matter of law.

Nor do Conde's allegations state a plausible abuse of process claim. "[A] malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is

outside the legitimate ends of the process." *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). Here, even liberally construing Conde's claim, the gravamen of the allegations is that defendants have engaged in aggressive investigatory tactics in this litigation. (*See* Conde Answer & Countercls. ¶ 55.) As such, Conde's claims do not relate to the issuance of process, and the filing of a complaint against Conde, standing alone, is insufficient to state a claim for abuse of process. *See Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 493 (S.D.N.Y. 2009) ("'No action for abuse of process will lie premised merely upon the commencement of a civil action, even if such action is commenced with malicious intent.'" (quoting *I.G. Second Generation Partners, L.P. v. Duane Reade*, 793 N.Y.S.2d 379, 381 (App. Div. 2005); *Roberts v. 112 Duane Assocs. LLC*, 821 N.Y.S.2d 33, 36 (App. Div. 2006) ("The motion court also correctly determined that the filing of the third-party complaint could not serve as a basis for an abuse-of-process claim, since the institution of an action is not process capable of being abused, regardless of third-party plaintiffs' motives."). Nor could Conde succeed on an intentional infliction of emotional distress claim. *See, e.g.*, *Walentas v. Johnes*, 683 N.Y.S.2d 56, 58 (App. Div. 1999) ("Intentional infliction of emotional distress requires extreme and outrageous conduct, intended to cause, and resulting in, severe emotional distress . . . . Commencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim."). Finally, although "courts have imposed injunctions barring parties from commencing any further litigation where those parties have engaged in continuous and vexatious litigation,"[11] Conde seeks only monetary relief on his claims. Accordingly, Conde's claim for "vexatious litigation" must fail.

### 4. Leave to Amend

"'Where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Shelton v. Trs. of Columbia Univ.*, 236 F. App'x 648, 649-50 (2d Cir. 2007) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Here, the Court need not consider at this juncture whether it should grant Conde leave to file an amended complaint because Conde has already moved to amend his counterclaims. (*See* ECF No. 197.) The Court has this motion under advisement and will issue a decision in due course.

### III. MOTION FOR SANCTIONS

Conde also asserts in his opposition papers that the Court should sanction defendants' counsel under Rule 11. (Conde Opp. ¶¶ 10-12.) This claim is procedurally defective for two reasons. First, an application for Rule 11 sanctions must be made by separate motion, not in an opposition brief. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and

---

[11] *Robert v. O'Meara*, 813 N.Y.S.2d 736, 738 (App. Div. 2006). Furthermore, even if Conde had sought an injunction, his factual allegations provide no basis to infer that defendants have engaged in "continuous and vexatious litigation" against him.

7

must describe the specific conduct that allegedly violates Rule 11(b)."). Second, Conde has not complied with Rule 11's safe-harbor provision, which requires the moving party to serve the motion on the non-moving party and then give the non-moving party 21 days to withdraw or correct the challenged filing. *See id*. ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). In any event, Conde has failed to provide any basis for imposing sanctions. Accordingly, the Court denies Conde's motion.

IV. CONCLUSION

For the reasons stated above, the Court grants defendants' motion to dismiss Conde's claims in its entirety. However, it does so without prejudice and will consider whether Conde should be granted leave to amend. The Court denies Conde's request for sanctions.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 21, 2010
Central Islip, New York

* * *

Conde is *pro se*. Attorney for defendants is Catherine McGrath, Foley & Lardner, LLP, 90 Park Avenue, New York, NY 10016.